Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
Raina Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMOS GBEINTOR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMANDBASE, INC., and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. CIV. CODE § 3344; CALIFORNIA MISAPPROPRIATION OF NAME OR LIKENESS; AND CALIFORNIA UCL.<br><br>CLASS ACTION<br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. Plaintiff and members of the proposed class (the "Class") are private individuals who have no relationship with the Defendants Demandbase, Inc. and InsideView Technologies, Inc. (collectively "Defendants" or "InsideView"), nor with the website that Defendants own and operate at www.insideview.com. Plaintiff and the Class have never used insideview.com, nor did they provide their names, contact information, job titles, places of work, education histories, cities of residence, or any other personal information to InsideView.

2. Plaintiff was seriously distressed to discover that InsideView is using his name, personal information, and persona to advertise paid subscriptions to a product called "InsideView Pro."

3. Plaintiff and the Class did not consent to InsideView using their names, contact information, job titles, places of work, education histories, cities of residence, photographs, and other personal information to promote InsideView subscriptions. Nor did they consent to InsideView selling access to their personal information as part of its subscription products.

4. InsideView advertises subscriptions by publicly displaying profiles of Plaintiff and Class Members showing their names, contact information, job titles, places of work, education histories, cities of residence, and other personal information. Some profiles include photographs.

5. Users who attempt to download Plaintiff's and Class Members' personal information, or who attempt to "Build a list" of potential contacts that includes Plaintiff's and Class Members' profiles, are shown a pop-up asking the user to "Upgrade to Pro" and purchase an InsideView subscription for $99 per month.

6. InsideView advertises that paying subscribers receive a variety of services, including: access to "accurate email addresses and corproate [sic] phone numbers" for Plaintiff and Class Members; and "contact details, news events, and social feeds to help you connect" with Plaintiff and Class Members.

7. InsideView advertises that paying subscribers also receive automatic tracking

and delivery of: Plaintiff's and Class Members' social media posts; posts made about Plaintiff and Class Members by others on social media; and mentions of Plaintiff and Class Members in the news media. InsideView's "Watchlists" feature "[a]utomatically follow[s] accounts . . . to stay up-do-date on the latest insights about . . . prospects via alerts sent directly to your inbox." This automatic tracking delivers a variety of information about Plaintiff and Class Members including: "news mentions about" Plaintiff and Class Members; "what [Plaintiff and Class Members] are talking about on Twitter and Facebook"; and "what others are saying about [Plaintiff and Class Members] in the social media."

8. InsideView advertises that paying subscribers also receive "Intent Data" about Plaintiff and Class Members. "Intent Data" is "information about [Plaintiff's and Class Members'] behavior and content consumption that suggests they're in the market to buy particular products and services." InsideView subscribers can see what "articles and whitepapers . . . podcasts . . . and web content" Plaintiff and Class Members are consuming, in order to "know precisely the right moment to reach out" for a sale.

9. InsideView is the sole author, designer, and implementor of the advertising techniques and messages giving rise to this lawsuit. InsideView does not host user-generated content on or in any part of the website relevant to this lawsuit. InsideView is the sole curator, designer, and creator of the content described in this Complaint, including the profiles representing Plaintiff and Class Members, the on-site pop-ups soliciting subscriptions, and the services that allow paying subscribers to track Plaintiff's and Class Members' social media and internet browsing behavior.

10. Plaintiff does not know how InsideView obtained his name, contact information, job title, place of work, education history, and city of residence. Plaintiff does not know how InsideView obtained access to his social media posts and social media posts about him, updates about which InsideView sells as part of a subscription. Plaintiff does not know how InsideView obtained access to his internet browsing behavior, which InsideView sells as part of a subscription.

11. Plaintiff's and Class Members' names, personal information, social media activity, browsing behavior, photographs, likenesses, and personas have commercial value. This commercial value is demonstrated by the exploitation of Plaintiff's and Class Members' names, personal information, social media activity, browsing behavior, photographs, for commercial gain by InsideView and InsideView's competitors.

12. InsideView appropriated Plaintiff's and Class Members' names, personal information, and personas without permission or consent from Plaintiff or Class Members.

13. Consent is not all or nothing. Plaintiff and Class Members may have shared their names, personal information, social media histories, and internet browsing behavior with companies or the government in a variety of contexts. For example, Plaintiff or Class Members may have consented to the posting of their names, work histories, and photographs on the website of a company for which they work, or on a professional networking site. They may have shared their browsing behavior with an internet service provider as part of receiving internet access.

14. But Plaintiff and Class Members did not consent to the commercial use of their personal information and personas to promote subscriptions to a website with which they have no relationship, and which they have no interest in promoting.

15. California law recognizes individuals' intellectual property and privacy rights in controlling the use of their names, photographs, likenesses, and personas for commercial purposes.

16. By using Plaintiff's and Class Members' names, likenesses, photographs, and personas in advertisements for website subscriptions without consent, InsideView has violated their intellectual property and privacy rights. Plaintiff and Class Members have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in supporting.

17. Plaintiff and Class Members have an economic interest in their personas, which InsideView has stolen, and a privacy interest in their personas, which InsideView has violated.

18. By these actions, InsideView has violated the California Right of Publicity, codified in Cal. Civ. Code § 3344, California common law prohibiting misappropriation of a name or likeness, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

19. Plaintiff and Class Members have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through InsideView's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind.

20. Plaintiff and Class Members are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their names and personas, restitution of the value of their names and personas, an injunction prohibiting InsideView's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative Class are citizens of a state different from at least one defendant. Defendant Demandbase, Inc. is incorporated in Delaware and has its principal place of business in San Francisco, California. Defendant InsideView Technologies, Inc. is incorporated in California and has its principal place of business in San Francisco, California. Plaintiff is a citizen and resident of California who seeks to represent a nationwide class containing members from every state in the country. (B) The proposed Class consists of at least 100 members. InsideView advertises that it has profiles on "100M+ decision-makers" including "57.5 million" individuals in North America. The Class likely comprises tens of millions of Americans. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. Cal. Civ. Code § 3344 provides for statutory damages "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered," as well as "any profits from the unauthorized use." The statute also allows for punitive damages and the award of attorneys' fees and costs. Because InsideView uses the

names and personal information of tens of millions of Class Members to advertise its website, the amount in controversy is well over the jurisdictional limit.

22. This Court has general personal jurisdiction over both Defendants because their headquarters and principal places of business are in this state and district.

23. This Court has specific personal jurisdiction over both named Defendants because a significant portion of the events giving rise to this lawsuit occurred in this state, including: InsideView's design and creation of the advertisements incorporating Plaintiff's and Class Members' names, likenesses, and personas; InsideView's copying of Plaintiff's and Class Members' personal information from online sources; InsideView's display of Plaintiff's and Class Members' profiles in advertisements available to the public online; InsideView's failure to obtain required consent from Class Members who reside in California; and InsideView's violation of the intellectual property rights of Class Members who reside in California.

24. InsideView's illegal use of Plaintiff's and Class Members' names, likenesses, photographs, and personas in advertisements originated from and was directed by InsideView from its San Francisco headquarters.

25. Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

**PARTIES**

26. Plaintiff Amos Gbeintor is a citizen of California. Mr. Gbeintor resides in Sacramento, California. Mr. Gbeintor has never used or subscribed to the website www.insideview.com.

27. Defendant InsideView Technologies, Inc. is a California corporation with its headquarters in San Franscisco, California. Defendant owns and operates the website www.insideview.com.

28. Defendant Demandbase, Inc. is a California corporation with its headquarters in San Franscisco, California. On information and belief, Defendant InsideView Technologies,

Inc. is a wholly owned subsidiary of Defendant Demandbased, Inc. On information and belief, Defendant Demandbase controls Defendant InsideView Technologies, Inc. and made many of the decisions giving rise to this Complaint.

## FACTUAL ALLEGATIONS

29. Plaintiff Amos Gbeintor has no relationship with InsideView. He is not a subscriber and has never used www.insideview.com.

30. Mr. Gbeintor did not give consent to InsideView to use his name, likeness, personal information, or persona in any way. Had InsideView requested his consent, Mr. Gbeintor would not have provided it.

31. InsideView uses Mr. Gbeintor's name and persona in advertisements promoting website subscriptions.

32. InsideView publicly displays a profile of personal information about Mr. Gbeintor on the Internet. The profile states his name, city of residence, phone number, place of work, job title, and educational history. The profile uniquely identifies Mr. Gbeintor. A screenshot depicting the profile is shown below.

CLASS ACTION COMPLAINT 8

33. InsideView provides a publicly accessible landing page at www.insideview.com on which users may search, and have searched, for Mr. Gbeintor by name. Anyone who creates a free account on InsideView may access the landing page and search for Mr. Gbeintor without needing to pay for a subscription. The landing page is shown below:



34. Users who searched for Mr. Gbeintor and clicked on the pop-up beneath the search bar were shown the profile of Mr. Gbeintor that appears in paragraph 31 above.

35. Users who attempted to download Mr. Gbeintor's information by clicking the "Export" button on his profile received a pop-up message prompting them to "Upgrade to InsideView Pro" at a cost of $99 per month.

36. Users who attempted to add Mr. Gbeintor's name to a list of potential contacts by clicking the "Build a list" button on his profile, or who clicked the large red button marked "Upgrade to Pro," also received the pop-up message prompting them to "Upgrade to InsideView Pro."

37. InsideView advertised that users who purchased an "InsideView Pro" subscription would receive additional information about Mr. Gbeintor, including:

    a. Mr. Gbeintor's social media posts and social media posts about him;

    b. The ability to "automatically follow" Mr. Gbeintor and receive automated information whenever his personal information changes;

    c. Information about Mr. Gbeintor's "web . . . behavior and content consumption" that may "suggest [he's] in the market to buy particular products and services."

38. InsideView advertises that users who purchase an “InsideView Pro” subscription will receive similar information about millions of other individuals in addition to Mr. Gbeintor.

39. Screenshots depicting the pop-up message are shown below.





40. Users who click "Upgrade to Pro" on the pop-up message receive a payment screen prompting the purchase of a subscription for $99 per month.

41. InsideView's purpose in using Mr. Gbeintor's name, personal information, and persona on its website is to solicit the purchase of paid subscriptions to InsideView Pro.

42. Mr. Gbeintor does not know how InsideView obtained his name and personal information. InsideView advertises that it gathers information from "40,000+ sources."

43. InsideView misappropriated Mr. Gbeintor's personal information and persona without permission from Mr. Gbeintor. On information and belief, InsideView misappropriated Mr. Gbeintor's personal information and persona without permission from the sources from which it obtained Mr. Gbeintor's information.

44. Mr. Gbeintor has intellectual property and privacy interests in his name, likeness, and persona recognized by California statutory and common law. He has the right to exclude anyone from making commercial use of his persona without his permission.

45. InsideView has injured Mr. Gbeintor by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

46. InsideView's illegal actions caused Mr. Gbeintor mental injury and disturbed his

peace of mind. Mr. Gbeintor is deeply uncomfortable in the knowledge that InsideView is using his name and persona to advertise and as part of a commercial product he has no interest in supporting. Mr. Gbeintor believes his persona is rightly his to control. InsideView's illegal use has left him worried and uncertain about his inability to control how his name and persona is used. Mr. Gbeintor feels that InsideView's use of his name, persona, personal information, and browsing history is an alarming invasion of his privacy. Mr. Gbeintor believes that InsideView's collection and publication of personal details about him encourages and enables identity fraud. He believes InsideView's use of his personal information encourages and enables harassing marketing and sales communications.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and seeks to represent the following Class defined as:

> All people in the United States who are not subscribers of InsideView and whose names and personal information InsideView incorporated in profiles used to promote its products.

48. Excluded from the proposed Class are Plaintiff's counsel; InsideView, its officers and directors, counsel, successors, and assigns; any entity in which InsideView has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

49. The members of the proposed Class are so numerous that joinder of individual claims is impracticable. InsideView advertises that it has profiles on "100M+ decision-makers" including "57.5 million" individuals in North America. The Class likely comprises tens of millions of people.

50. There are significant questions of fact and law common to the members of the Class. These include:

   a. Whether InsideView's misappropriation of names and personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the knowing use without consent of another's name, photograph, or

likeness on or in products or for purposes of advertising products within the meaning of Cal. Civ. Code § 3344;

      b.     Whether InsideView solicited and obtained written consent from Plaintiff and the Class prior to using their personas in advertisements promoting its website, as required by Cal. Civ. Code § 3344;

      c.     Whether InsideView's use of Plaintiff's and Class Members' names and personal information in advertisements and as part of their subscription products falls within the exceptions for "use in connection with any news, public affairs, or sports broadcast or account, or any political campaign" within the meaning of Cal. Civ. Code § 3344;

      d.     The amount of InsideView's "profits from the unauthorized use" of Plaintiff's and Class Members' names and personal information;

      e.     Whether InsideView's conduct described in this Complaint violates California common law prohibiting misappropriation of a name or likeness; and

      f.     Whether Plaintiff and Class Members are entitled to the injunctive, declaratory, monetary, punitive, and other relief requested in this Complaint.

51. Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by InsideView's misappropriation and misuse of their identifies, names, likenesses, personas, and other personal information in advertisements promoting InsideView subscriptions. InsideView's presents its advertisements in the same way for each Class Member.

52. Just as it did with Mr. Gbeintor, InsideView appropriated the personal information and personas of all Class Members without their permission or permission from the various sources from which it appropriated their information. InsideView's sole purpose in appropriating Class Members' information and personas was to solicit the purchase of paid subscriptions. InsideView has injured Class Members by taking their intellectual property without compensation; by invading their privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of their personal information.

53. The proposed class representative will fairly and adequately represent the proposed Class. Mr. Gbeintor's claims are co-extensive with those of the rest of the Class. Mr. Gbeintor is represented by qualified counsel experienced in class action litigation of this nature.

54. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning InsideView's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

55. The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. InsideView has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

56. The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class Members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**
**Violation of California Right of Publicity Statute, Cal. Civ. Code § 3344**

57. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

58. California's right of publicity statute prohibits the "knowing[] use[] of another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise,

or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." Cal. Civ. Code § 3344.

59. By engaging in the foregoing acts and omissions, InsideView used Plaintiff's and Class Members' names, likenesses, photographs, and personas for commercial purposes without consent. Plaintiff's and Class Members' names and personas have commercial value as demonstrated by InsideView's use and similar use by InsideView's competitors.

60. Each use of Plaintiff's or a Class Members' name and personal information in a teaser profile or full profile is a separate and distinct violation of Cal. Civ. Code § 3344.

61. Cal. Civ. Code § 3344 provides that a person who violates the statute is liable "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages," in addition to "any profits from the unauthorized use." The statute also provides for "[p]unitive damages" and "attorney's fees and costs."

62. As a result of InsideView's violation of Cal. Civ. Code § 3344, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class Members have been denied the economic value of their names, likenesses, and personas, which InsideView misappropriated without compensation to Plaintiff and the Class. Plaintiff and Class Members were denied their statutorily protected right to refuse consent and protect their privacy and the economic value of their names, likenesses, and personas. Plaintiff and Class Members suffered emotional disturbance from the misappropriation and misuse of their names and personal information.

63. Plaintiff, on behalf of the Class, seeks: actual damages, including InsideView's profits from its misuse; statutory damages; compensatory damages for the royalties InsideView failed to pay; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting InsideView's illegal conduct; and declaratory relief.

## **SECOND CAUSE OF ACTION**
## **Tort of Appropriation of a Name or Likeness**

64. Plaintiff incorporates by reference the allegations contained in all preceding

paragraphs of this Complaint.

65. California common law recognizes the tort of "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 416 (Cal. Ct. App. 1983).

66. By engaging in the forgoing acts and omissions, InsideView (1) used the identities of Plaintiff and the Class in advertisements for subscriptions and as part of its subscription products; (2) appropriated Plaintiff's and Class Members' names and likenesses to InsideView's commercial advantage; (3) failed to obtain Plaintiff's and Class Members' consent; and (4) injured Plaintiff's and Class Members' by causing harm both economic and emotional. *See Eastwood,* at 417.

67. Plaintiff, on behalf of the Class, seeks monetary recovery in the amount of the commercial advantage InsideView derived from its misuse, compensatory damages for InsideView's failure to pay royalties owed, and the entry of an injunction prohibiting InsideView's tortious acts.

**THIRD CAUSE OF ACTION**
**California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.**

68. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

69. InsideView has and is engaged in unfair competition, as that term is defined in the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq*. ("UCL").

70. As described in this complaint, InsideView's misappropriation and use without consent of Plaintiff's and Class Members' names, photographs, likenesses, and personal information is a violation of California's Right of Publicity statute, Cal. Civ. Code § 3344 and California common law prohibiting misappropriation of a name or likeness.

71. By engaging in the conduct described in this complaint and violating California law, InsideView engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

72. By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, InsideView engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

73. As a result of InsideView's actions, Plaintiff and Class Members have been injured. Plaintiff and Class Members lost the economic value of their names, personas, and likenesses, and are entitled to restitution, declaratory relief and an injunction. Plaintiff and Class Members were denied their rights to refuse consent and protect their privacy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests the following relief:

(a) For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

(b) For a declaration that InsideView's acts and omissions constitute a knowing misappropriation of names, likeness, photographs, and other personal information, and infringe on privacy and intellectual property rights, in violation of California law;

(c) For nominal damages awarded in recognition of InsideView's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

(d) For preliminary and permanent injunctive relief enjoining and preventing InsideView from continuing to operate its website without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e) For restitution for Plaintiff and members the Class for the value that Defendants derived from misappropriating their names, likenesses, photographs, and personas;

(f) For an award of damages, including without limitation damages for actual harm, profits earned by InsideView in using misappropriated names and identities to sell subscriptions, reasonable royalties for the infringement of Plaintiff's and Class Members' intellectual property rights; and statutory damages;

(g) For an award of reasonable attorneys' fees and costs incurred by Plaintiff and Class Members; and

(h) Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all individual and class claims so triable.

Respectfully submitted,

Dated: December 8, 2021

By: /s/ Michael F. Ram
Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn
(to be admitted *Pro Hac Vice*)
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
Raina Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff and the Proposed Class*