KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendants
DEMANDBASE, INC. and
INSIDEVIEW TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMANDBASE, INC. and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 4:21-cv-09470-HSG<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO (1) STAY ACTION PENDING RELATED NINTH CIRCUIT APPEAL; AND (2) STAY DISCOVERY PENDING ANTI-SLAPP MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT**<br><br>Date:   November 10, 2022<br>Time:   2:00 p.m.<br>Courtroom:   2—4th Floor<br>Judge:   Hon. Haywood S. Gilliam, Jr.<br><br>Date Filed:   December 8, 2021<br><br>Trial Date:   N/A. |

**TABLE OF CONTENTS**

**Page**

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ........................................ iv

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND .....................................................................................................1

    A. Defendants publish an online database of information about companies and organizations, and their employees, to facilitate business-to-business sales. ..............1

    B. Plaintiffs sued to suppress publication in Defendants' online database of publicly available biographical and professional contact information. .......................2

    C. Defendants have moved to dismiss or strike Plaintiffs' complaint, in part because it alleges no plausible injury and seeks to suppress protected speech. .........3

    D. Plaintiffs' counsel has brought a similar action that presents Article III standing and First Amendment issues and is now before the Ninth Circuit. ...............3

III. ARGUMENT ...........................................................................................................4

    A. This Court should stay this action pending resolution of the *Martinez* appeal so that all involved may benefit from the Ninth Circuit's direct guidance. ................4

    B. Separately, Defendants are entitled to a mandatory stay of discovery pending resolution of their motion to strike under California's anti-SLAPP statute. ...............6

IV. CONCLUSION ........................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*CMAX, Inc. v. Hall*,
　300 F.2d 265 (9th Cir. 1962) ..................................................................................................5

*Fuller v. Amerigas Propane, Inc.*,
　2009 WL 2390358 (N.D. Cal. Aug. 3, 2009) ..........................................................................5

*Gustavson v. Mars, Inc.*,
　2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) (Koh, J.) ..........................................................6

*Lockyer v. Mirant Corp.*,
　398 F.3d 1098 (9th Cir. 2005) .................................................................................................4

*Martinez v. ZoomInfo Technologies, Inc.*,
　Case No. C21-5725 (W.D. Wash) ................................................................................. passim

*Maxwell v. Kaylor*,
　2022 WL 1123199 (N.D. Cal. Mar. 16, 2022) .........................................................................6

*Minor v. FedEx*,
　2009 WL 1955816 (N.D. Cal. Jul. 6, 2009) .............................................................................5

*Phan v. Transamerica Premier Life Ins. Co.*,
　2020 WL 5576358 (N.D. Cal. 2020) ...................................................................................4, 5

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*,
　890 F.3d 828 (9th Cir. 2018) ...................................................................................................4

*Sarver v. Chartier*,
　813 F.3d 891 (9th Cir. 2016) ...................................................................................................4

*Sessa v. Ancestry.com Operations Inc.*,
　No. 2:20-cv-02292 (D. Nev. Dec. 17, 2020) ...........................................................................6

*Yamasaki v. Zicam LLC*,
　2021 WL 3675214 (N.D. Cal. Aug. 19, 2021) ........................................................................6

*Zhang v. Ancestry.com Operations Inc.*,
　2022 WL 718486 (N.D. Cal. Mar. 10, 2022) ...................................................................1, 5, 6

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ....................................................................................................2

Cal. Civ. Code § 3344 ....................................................................................................................2

Cal. Civ. Proc. Code § 425.16(g) .................................................................................................. 6

Ohio Rev. Code § 2741 ................................................................................................................ 2

# DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on November 10, 2022 at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Haywood S. Gilliam, Jr., in Courtroom 2, 4th Floor of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California, 94612, Defendants Demandbase, Inc. and InsideView Technologies, Inc. (jointly, "Defendants") will and hereby do move to stay this action pending resolution of a Ninth Circuit appeal that bears directly on the issues raised in Defendants' concurrently-filed motion to dismiss or, in the alternative, to strike pursuant to California's anti-SLAPP statute. In the alternative, Defendants move to stay discovery pending resolution of their anti-SLAPP motion pursuant to the mandatory discovery stay provision in California's anti-SLAPP statute.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the Declaration of Adam Lauridsen and exhibits attached thereto, all pleadings and papers on file or to be filed in the above-entitled action, the arguments of counsel, and any other matters that may properly come before the Court for its consideration.

Dated: May 13, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ *R. Adam Lauridsen*
R. ADAM LAURIDSEN
JULIA L. ALLEN
CODY GRAY

Attorneys for Defendants
DEMANDBASE, INC. and
INSIDEVIEW TECHNOLOGIES, INC.

I.     INTRODUCTION

Defendants Demandbase, Inc. and InsideView Technologies, Inc. (jointly, "Defendants") move to stay this action pending resolution of a Ninth Circuit appeal that directly addresses the issues raised in their concurrently-filed motion to dismiss or, in the alternative, motion to strike. The Ninth Circuit appeal—from an order denying a motion to dismiss and anti-SLAPP motion to strike in *Martinez v. ZoomInfo Technologies, Inc.*, Case No. C21-5725 (W.D. Wash)—concerns the Article III standing, First Amendment, and anti-SLAPP issues that are now before the Court, in a similar factual context.  Indeed, both actions are brought by the same plaintiffs' counsel and, in *Martinez*, they have already stipulated to a stay pending resolution of that appeal.  The Court should not decide these issues now and then later discover the Ninth Circuit requires a different approach.  Sound case management practice thus counsels in favor of staying this case.  In fact, Judge Beeler previously entered an analogous stay in a highly similar case.  *See Zhang v. Ancestry.com Operations Inc.*, Case No. 21-cv-07652-LB, 2022 WL 718486 (Mar. 10, 2022).  In any event, because Defendants have moved to strike this action under California's anti-SLAPP statute, they are entitled to an automatic stay of discovery pending resolution of that motion.

II.    BACKGROUND

   A.    **Defendants publish an online database of information about companies and organizations, and their employees, to facilitate business-to-business sales.**

Business-to-business sales often involve months-long purchasing decisions that are made by large groups of people.  With these types of sales, it can be difficult to find the *right* contact at each prospective customer; to understand *when* a company is "in-market" to make a purchase; or to obtain useful *intelligence* about the prospective customer to see if they are a fit for a product.

Demandbase is a software company that wants to transform the way that business-to-business sales and marketing teams "go to market"—*i.e.*, spot and engage prospective business customers to make successful sales pitches to them.  To do so, Demandbase offers a "smart" go-to-market software suite that enables business-to-business sales and marketing teams to obtain useful intelligence about target companies and put that intelligence into action at the right time. InsideView, which was acquired by Demandbase in May 2021, is a market intelligence platform

that contains information on millions of companies and their employees. Compl. ¶¶ 1–8, 29–30, 40. Its database includes company financials, employee counts, market segments, and industries, as well as biographical data (name, city of residence, educational history) and professional-contact information (job title, work phone number, work email) for a company's employees. *Id.* ¶ 4. All this information is packaged as a company profile entry in the InsideView database.

### B. Plaintiffs sued to suppress publication in Defendants' online database of publicly available biographical and professional contact information.

Notwithstanding the fact that Plaintiffs publicly posted their biographical and professional contact information online, Plaintiffs say that InsideView's creation of online profile pages that list their "names, contact information, job titles, places of work, education histories, [and] cities of residence" has invaded their privacy, stolen their "valuable intellectual property," and caused them to suffer "emotional disturbance." Compl. ¶¶ 1, 19, 34, 52, 70; *see also* RJN, Exs. A–C. Specifically, Plaintiffs complain that members of the general public may create an account on InsideView's website and search for individuals, including them, by name. *Id.* ¶ 33. Then, by clicking the "pop-up beneath the search bar," these users can access Plaintiffs' publicly-available profiles. *Id.* ¶¶ 36, 54, 72. Plaintiffs allege that the basic biographical and professional contact information in these profiles misappropriates their publicity rights. *Id.* ¶¶ 45, 63, 81.

On the basis of these allegations, Plaintiffs assert claims for violation of (1) California's right-of-publicity statute (Cal. Civ. Code § 3344); (2) misappropriation of a name or likeness under California common law; (3) the "unlawful" and "unfair" prongs of California's UCL (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); (4) Ohio's right-of-publicity statute (Ohio Rev. Code § 2741) (on behalf of Plaintiff Dominici only); and (5) appropriation of a name or likeness under Ohio common law (also on behalf of Plaintiff Dominici only). *Id.* ¶¶ 95–123. For their claims under California law, Plaintiffs all seek to certify a nationwide class of persons whose names and personal information were used by InsideView to create profiles, while Plaintiff Dominici alone seeks to certify an Ohio-only subclass for his Ohio law right-of-publicity claims. *Id.* ¶¶ 85–94.

**C.      Defendants have moved to dismiss or strike Plaintiffs' complaint, in part because it alleges no plausible injury and seeks to suppress protected speech.**

Defendants have concurrently moved to dismiss and, in the alternative, to strike Plaintiffs' complaint under California's anti-SLAPP statute. Those motions contend that: (1) Plaintiffs lack Article III standing to pursue their claims (and have failed to state their claims) because they do not allege a cognizable economic or emotional injury resulting from Defendants' publication of their already-public biographical and professional contact information; (2) Plaintiffs fail to state actionable right-of-publicity claims because Defendants do not make cognizable commercial use of their contact information; (3) the First Amendment bars Plaintiffs' claims because they seek to impose a content-based restriction on Defendants' speech; (4) Defendants' speech is exempted from Plaintiffs' right-of-publicity claims because it concerns public affairs and matters of public and historical interest; and (5) California's anti-SLAPP statute requires the Court to strike Plaintiffs' complaint because it seeks to suppress Defendants' protected speech about matters of public, commercial interest, and Plaintiffs are unlikely to prevail on their claims. Defendants' motion to dismiss and to strike is currently set for hearing on November 10, 2022.

**D.      Plaintiffs' counsel has brought a similar action that presents Article III standing and First Amendment issues and is now before the Ninth Circuit.**

This is not the only right-of-publicity action that Plaintiffs' counsel has brought against companies in recent months. On September 30, 2021, plaintiff Kim Martinez filed a lawsuit in the Western District of Washington against defendant ZoomInfo Technologies, Inc., which is one of Defendants' competitors in the business-to-business sales intelligence space. *See* Defs.' Request for Judicial Notice ("RJN"), Ex. D ("*Martinez* Compl."). Although ZoomInfo's product differs from Defendants' database in several respects, the *Martinez* action still alleges at its core that ZoomInfo provides online profiles of companies and their employees that include their biographical and professional contact information. *Id.* ¶¶ 1–12. And just as this lawsuit does, *Martinez* asserts right-of-publicity claims under California law on behalf of a putative class of California residents on the grounds that ZoomInfo has appropriated their names and likenesses without consent for commercial use by compiling and publicly offering this commercial database.

*Compare id.* ¶¶ 13–19 *with* Dkt. No. 30 ("Compl.") ¶¶ 12–20.

On December 8, 2021, ZoomInfo moved to dismiss and, in the alternative, to strike the *Martinez* complaint pursuant to California's anti-SLAPP statute. RJN, Ex. E. ZoomInfo argued that the plaintiff had failed to allege a cognizable and plausible injury and that the "public affairs" exemption in California's right-of-publicity statute protected Defendants' speech. *Id.* at 4–16. On April 11, 2022, the district court denied the motion to dismiss and the motion to strike.

On April 14, 2022, ZoomInfo filed a notice of appeal. RJN, Ex. F. That appeal seeks review of the district court's order denying the anti-SLAPP motion, which is a collateral order subject to interlocutory appeal in the Ninth Circuit. *Id.*; *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 832 (9th Cir. 2018). Because an anti-SLAPP motion brought under California law considers the probability that a plaintiff's claims will prevail as part of its analysis, the issues that were presented by ZoomInfo's motion to dismiss will likely be reviewed in full through the appeal. *See Sarver v. Chartier*, 813 F.3d 891, 896 (9th Cir. 2016).

On May 5, 2022, the parties in *Martinez* stipulated to stay the case, including discovery, pending resolution of that appeal, which the court entered on May 10, 2022. RJN, Ex. G.

## III.   ARGUMENT

### A.   This Court should stay this action pending resolution of the *Martinez* appeal so that all involved may benefit from the Ninth Circuit's direct guidance.

District courts possess the inherent power to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254–55 (1936)). This stay authority "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Phan v. Transamerica Premier Life Ins. Co.*, 2020 WL 5576358, at *2 (N.D. Cal. 2020). District courts commonly exercise this authority to stay an action "pending resolution of independent proceedings which bear upon the case." *Id.* The other proceedings do not need to be "necessarily controlling of the action before the court"; the district court simply "may find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it[.]" *Id.* In doing so, courts weigh "the competing interests which will be affected by the granting or refusal

to grant a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  These interests include:  "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (the "*CMAX* factors").

Taking these factors in reverse order, each factor weighs in favor of staying this action pending resolution of the Ninth Circuit appeal in *Martinez*.  **First,** there is no real question that the Ninth Circuit's decision in *Martinez* will simplify the issues presented by Defendants' motion to dismiss and anti-SLAPP motion to strike.  The defendant in *Martinez* will likely present Article III standing and First Amendment arguments to the Ninth Circuit that are similar to those raised in Defendants' motions.  And if the Ninth Circuit concludes that the *Martinez* plaintiff lacks standing and/or that ZoomInfo is entitled to full First Amendment protection, then that will tend to dispose of this entire action.  Where such dispositive issues are present in a related appeal, "[t]his factor weighs heavily in favor of a stay." *Phan*, 2020 WL 5576358, at *3 ("Even though the case will not automatically be won or lost after the resolution of [the Ninth Circuit appeals at issue], major issues in this case will be clarified by a ruling in even one of those cases."); *see also Fuller v. Amerigas Propane, Inc.*, No. 09–2493 TEH, 2009 WL 2390358 at *2 (N.D. Cal. Aug. 3, 2009) (under this *CMAX* factor, "considerations of judicial economy are highly relevant").

**Second,** "there will be a tremendous waste of resources, for both [Defendants] and the Court, if this case continues into discovery, class certification, and motions practice while the Ninth Circuit [is] considering potential dispositive issues in this case." *Phan*, 2020 WL 5576358, at *2.  Where that is the case, as here, this factor also weighs in favor of a stay.  *Minor v. FedEx*, No. C 09-1375 TEH, 2009 WL 1955816, at *1 (N.D. Cal. Jul. 6, 2009) ("[W]hile going forward does not impose inequity, it certainly appears to be a hardship to conduct pointless discovery that may well be moot following a holding [by the appellate court in the appeal at issue].").

**Third,** and conversely, Plaintiffs will not incur any cognizable prejudice or irreparable harm as a result of the requested stay.  Courts in this District have long explained that a "delay in monetary recovery is an insufficient basis to deny a stay." *Zhang*, 2022 WL 718486, at *7.

Further, given that "this action is at an early stage of litigation" and Plaintiffs have "not moved for a preliminary injunction," "any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision." *See Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (Koh, J.) (granting stay).

Accordingly, the Court should stay this action pending resolution of the *Martinez* appeal to the Ninth Circuit. Indeed, multiple district courts, including Judge Beeler in this District, have entered analogous stays in other cases that present highly similar issues to this one. *See Zhang*, 2022 WL 718486, at *7–8 (granting stay pending Ninth Circuit appeal of Article III standing and First Amendment issues); *Sessa v. Ancestry.com Operations Inc.*, No. 2:20-cv-02292 (D. Nev. Dec. 17, 2020) (same). While the Ninth Circuit appeals that those stays were predicated upon have been voluntarily dismissed by the parties, the logic behind those stays continues to apply with full force and effect here.

### B. Separately, Defendants are entitled to a mandatory stay of discovery pending resolution of their motion to strike under California's anti-SLAPP statute.

Independent of the *Martinez* appeal, Defendants move to stay discovery here pending resolution of their anti-SLAPP motion to strike. California's anti-SLAPP statute provides that: "All discovery proceedings [] shall be stayed upon the filing of a[n] [anti-SLAPP] motion" and "[t]he stay of discovery shall remain in effect until notice of entry of the order ruling on the [anti-SLAPP] motion." Cal. Civ. Proc. Code § 425.16(g). Defendants have concurrently filed their anti-SLAPP motion. Thus, all discovery proceedings in this action are automatically stayed until the Court rules on Defendants' pending anti-SLAPP motion. *See Maxwell v. Kaylor*, No. 18-CV-06121-NC, 2022 WL 1123199, at *2 (N.D. Cal. Mar. 16, 2022) (granting anti-SLAPP stay); *see also Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (district court has inherent authority to stay discovery pending motion to dismiss).

## IV. CONCLUSION

For the foregoing reasons, the Court should stay this action pending resolution of the Ninth Circuit appeal in *Martinez*. In the alternative, the Court should stay discovery pending resolution of Defendants' anti-SLAPP motion to strike pursuant to the anti-SLAPP statute.

| | | |
|---|---|---|
| Dated: May 13, 2022 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ *R. Adam Lauridsen* |
| | | R. ADAM LAURIDSEN |
| | | JULIA L. ALLEN |
| | | CODY GRAY |
| | | Attorneys for Defendants DEMANDBASE, INC. and INSIDEVIEW TECHNOLOGIES, INC. |