KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
DEMANDBASE, INC., and
INSIDEVIEW TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMANDBASE, INC., and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 4:21-cv-09470-HSG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION TO STAY**<br><br>**Pursuant to Fed. R. Evid. 201.**<br><br>Date:        November 10, 2022<br>Time:        2:00 p.m.<br>Courtroom:   2 —4th Floor<br>Judge:       Hon. Haywood S. Gilliam, Jr.<br><br>Date Filed:  December 8, 2021<br><br>Trial Date:  N/A. |

# DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants Demandbase, Inc. and InsideView Technologies, Inc. (jointly, "Defendants") respectfully request that the Court take judicial notice of six documents that are highly relevant to their concurrently-filed motion to dismiss, motion to strike, and motion to stay the complaint filed by Plaintiffs Amor Gbeintor, Wilton Alderman, and Dru Dominici (jointly, "Plaintiffs"). These documents are: (1) Plaintiffs' publicly-available LinkedIn profile pages; and (2) several filings from a highly similar right-of-publicity action that is now on appeal to the Ninth Circuit.

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court may consider any matters subject to judicial notice. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A matter is subject to judicial notice when it is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

*First,* the Court should take judicial notice of the fact and the contents of Plaintiffs' profile pages that are each publicly available on LinkedIn.com. Attached as **Exhibit A** to the Declaration of Adam Lauridsen is a true and correct copy of Plaintiff Gbeintor's LinkedIn profile; attached as **Exhibit B** is a true and correct copy of Plaintiff Alderman's LinkedIn profile; and attached as **Exhibit C** is a true and correct copy of Plaintiff Dominici's LinkedIn profile. These materials are relevant to Defendants' pending motions because they show that the information that Plaintiffs say Defendants misappropriated was already made publicly available by them.

Judicial notice of these materials is proper because they are publicly-available websites, and their authenticity is not subject to reasonable dispute. "[A]s a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides a copy of the specific webpage, as Defendants do here. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006). For that reason, district courts in the Ninth Circuit regularly take judicial notice of LinkedIn profile pages that are relevant to a pending motion to dismiss. *See, e.g.*, *Burnett v. McLane Foodservice, Inc.*, No. EDCV1801908, 2019 WL

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 4:21-cv-09470-HSG

1856012

446225, at *4 (C.D. Cal. Feb. 5, 2019) (taking judicial notice of a LinkedIn profile page because "the existence of the LinkedIn webpage . . . and the text included on that page can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *accord Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 622 (N.D. Cal. 2019); *McBain v. Behr Paint Corp.*, No. 16-CV-07036-MEJ, 2017 WL 1208074, at *3 (N.D. Cal. Apr. 3, 2017).

  ***Second,*** the Court should take judicial notice of several documents filed in the matter of *Martinez v. ZoomInfo Technologies, Inc.*, Case No. C21-5725 (W.D. Wash). Attached as **Exhibit D** to the Lauridsen Declaration is a true and correct copy of the plaintiff's complaint in *Martinez*; attached as **Exhibit E** is a true and correct copy of the defendant's motion to dismiss; attached as **Exhibit F** is a true and correct copy of the defendant's notice of appeal; and attached as **Exhibit G** is a true and correct copy of the parties' stipulated stay order. These materials are the basis of Defendants' motion to stay this action pending resolution of the Ninth Circuit appeal in *Martinez*.

  Judicial notice of these materials is proper because district courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (the court may take judicial notice of court records in another case); *Arroyo v. PA Hotel Holdings, LLC*, No. 21-CV-00343-SVK, 2021 WL 4145970, at *2 (N.D. Cal. Apr. 23, 2021).

  Thus, Defendants respectfully request that the Court grant their request for judicial notice.

Dated: May 13, 2022             KEKER, VAN NEST & PETERS LLP

                  By:  */s/ R. Adam Lauridsen*
                      R. ADAM LAURIDSEN
                      JULIA L. ALLEN
                      CODY GRAY

                      Attorneys for Defendants
                      DEMANDBASE, INC., and
                      INSIDEVIEW TECHNOLOGIES, INC.