Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiff and the Proposed Class*
*(Additional counsel listed on signature page)*

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEMANDBASE, INC. and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 4:21-cv-09470-HSG<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**<br><br>Complaint Filed: December 8, 2021 |

## INTRODUCTION

Plaintiffs Amos Gbeintor, Wilton Alderman, and Dru Dominici filed a complaint against Demandbase, Inc. and InsideView Technologies, Inc. alleging violations of the California and Ohio right of publicity statutes, California and Ohio torts of misappropriation of name or likeness, and the California Unfair Competition Law, based on Defendants' nonconsensual use of Plaintiffs' names, personal information, and personas to advertise paid subscriptions to Defendants' product "InsideView Pro." *See* Doc. No. 30. Defendants moved to dismiss, or alternatively, to strike under California's anti-SLAPP Statute. Doc. No. 31. Defendants simultaneously moved to stay this entire

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 1 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

case pending the resolution of an appeal to the Ninth Circuit in *Martinez v. ZoomInfo Technologies, Inc.,* Case No. C21-5725 (W.D. Wash), and to stay discovery pending resolution of their anti-SLAPP motion to strike pending before this Court. Doc. No. 32. Plaintiffs agree that, although Defendant's anti-SLAPP motion is without merit, discovery is nevertheless automatically stayed under California's anti-SLAPP statute while the motion to strike is pending.[1] Plaintiffs Defendants' Motion to stay the case pending the resolution of the *Martinez* appeal, and respectfully request the Court deny this portion of Defendants' Motion to stay.

## BACKGROUND

Defendants filed an anti-SLAPP motion to strike under California's anti-SLAPP law. Doc. No. 31. As demonstrated in Plaintiffs' opposition to the anti-SLAPP motion (filed concurrently with this opposition), Defendants' anti-SLAPP motion fails for multiple reasons. Among those reasons, the anti-SLAPP statute recognizes an exception for commercial speech. *See* Cal. Civ. P. Code § 425.17(c). Because Defendants' advertisements are commercial speech, California's anti-SLAPP statute does not apply. *See, e.g., Martinez v. ZoomInfo Technologies, Inc.*, C21-5725-MJP, 2022 WL 1078630, at *7 (W.D. Wash. Apr. 11, 2022) (denying California anti-SLAPP motion by InsideView competitor because "the speech at issue is commercial in nature and not protected").

However, because California's anti-SLAPP statute imposes an automatic stay of discovery until the court rules on the anti-SLAPP motion, even in cases where, as here, the underlying motion is devoid of merit (*see* Cal. Civ. Proc. Code § 425.16(g)), Plaintiffs agree with Defendants that discovery is stayed until this Court issues an order on Defendants' anti-SLAPP motion. The discovery stay is automatic and does not require a motion by either party. *Id*.

Defendants also seek a stay of the entire case pending the appeal of the *Martinez* court's denial of a nearly identical anti-SLAPP motion. The Court should deny this portion of Defendants' Motion. Defendants concede the issues in this case are highly similar to those in *Martinez*. Like InsideView, the defendant in *Martinez* moved to stay the case in its entirety while an anti-SLAPP

---

[1] Plaintiffs suggest that Defendants could have met and conferred with Plaintiffs before filing their motion, which may have eliminated the need to brief issues on which the parties agree.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 2 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

appeal was pending in a related case. *See Sessa v. Ancestry.com*, No. 21-16618 (9th Cir.). The *Martinez* court denied the requested stay, holding that the balance of the stay factors did not merit entry of a stay pending resolution of the *Sessa* appeal. The *Martinez* court wrote, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." 2022 WL 1078630, at *9 (quoting *Landis v. N.A. Co.,* 299 U.S. 248, 255 (1936)). InsideView offers no reason for a different result here. The wisdom of the *Martinez* court's ruling was confirmed when, after the issues had been fully briefed, the defendant in *Sessa* voluntarily dismissed its anti-SLAPP appeal on the eve of oral argument. This suggests the appeal was simply a delay tactic. The same attorneys who pursued, and dropped, the anti-SLAPP appeal in *Sessa* are responsible for the anti-SLAPP appeal in *Martinez*.

In *Martinez*, the parties stipulated to a stay only after the court denied the defendant's anti-SLAPP motion and motion to dismiss, and the defendant timely filed an interlocutory appeal. The parties so stipulated because under California law, the interlocutory appeal of an anti-SLAPP motion automatically stays the underlying case, <u>unless</u> the court below rules that the exception for "commercial speech" applies. Here, there is no reason for a stay because no interlocutory appeal has been filed (because this Court has not yet ruled). Furthermore, in their opposition to InsideView's anti-SLAPP motion Plaintiffs have requested this Court rule the "commercial speech" exception applies. If the "commercial speech" exception applies, under California law there will be legal ground on which to stay this case even if InsideView files an interlocutory appeal. Accordingly, this Court should first rule on whether the "commercial speech" exception applies before granting any stay.

The parties have already begun discovery. The parties conferred and filed their Joint Case Management Statement on March 1, 2022. Doc. No. 28. Initial Disclosures were exchanged on May 17, 2022, and Plaintiffs served discovery requests on Defendants on May 20, 2022. The initial case management conference and hearing on Defendants' motions is scheduled for November 10, 2022. Doc. No. 37.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 3 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

# **ARGUMENT**

Fed. R. Civ. P. 1 requires the Court and the parties to employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." To allow this meritorious case to proceed to discovery and resolution as quickly and efficiently as possible, the Court should deny Defendants' Motion to stay the entire case pending the *Martinez* appeal.

Defendants ask this Court to exercise its discretion to stay this case pending resolution of the *Martinez* appeal. Doc. No. 32, at *9. To determine whether to grant a discretionary stay, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis,* 299 U.S. at 254–55). Defendants, as the "proponent of a stay[,] bear[] the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). "[I]f there is even a fair possibility that the stay . . . will work damages to someone else," the moving party "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. Defendants argue the *CMAX* factors should apply.[2] Doc. No. 32, at *10. Plaintiffs argue the *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), factors should apply.[3] Though the *CMAX* factors are wholly incorporated in the *Hilton* factors, *Hilton* also requires consideration of whether the stay applicant has made a strong showing that it is likely to succeed on the merits. 481 U.S. at 776. No matter which set of factors this Court applies, Defendants have failed to carry their burden.

---

[2] The three *CMAX* factors are (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

[3] The four *Hilton* factors are (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 4 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

**1. There is a "fair possibility" a stay would harm Plaintiffs and the Class.**

A stay here would be contrary to the public interest and would continue to cause irreparable harm to Plaintiffs and Class members by allowing their publicity rights to be violated long into the future. Contrary to Defendants' contention that delay in monetary recovery is an insufficient basis to deny a stay, Doc. No. 32, at *10, there is more than money at stake here for Plaintiffs. Plaintiffs also seek an injunction prohibiting Defendants from exploiting their names and likenesses to promote subscriptions to a website they have never used and have no interest in promoting. *See, e.g., Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005) (denying *Landis* stay and finding "more than just a fair possibility of harm" because one party sought "injunctive relief against ongoing and future harm"); *Link v. Am. Family Mut. Ins. Co.*, No. 2:16-cv-01117-RAJ, 2017 WL 1838142, at *1 (W.D. Wash. May 8, 2017) ("courts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in a delay in monetary recovery.") (quotation omitted). Also, because discovery has not yet begun in earnest, there could be problems of preserving evidence if a stay were to be granted for some unknown period of time while the appeal remains pending. *See CMAX*, 300 F.2d at 268. Moreover, Plaintiffs do not yet know whether, or from whom, third party discovery will be necessary. A stay will cause harm to Plaintiffs and the Class, so this factor weighs against granting a stay.

**2. Defendants will not suffer hardship or inequity by this case moving forward**

Defendants have not put forth any case, let alone the required "clear case," of judicially recognized "hardship" or inequity that counterbalances this great harm to Plaintiffs. Doc. No. 32, at *10; *Landis*, 299 U.S. at 255; *CMAX*, 300 F.2d at 268-269. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112 (quotation omitted). This factor weighs against granting a stay.

**3. Likelihood of success and simplification of issues**

Turning to whether Defendants have made a strong showing they are likely to succeed on the merits and the related question of a stay is likely, this factor weighs against a stay for three

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 5 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

prominent reasons. ***First***, Plaintiffs' claims join a line of 11 similar cases that have all survived similar motions, and all allege similar right of publicity claims, against similar websites that use "teaser" or "sample" profiles of individuals' personal information to advertise subscriptions.[4] This suggests Defendants are highly unlikely to succeed in their motions to dismiss or strike under an anti-SLAPP law.

***Second***, Defendants' anti-SLAPP motion is meritless. *See* Doc. No. 38. California's anti-SLAPP statute recognizes two applicable exceptions. The statute does not apply to speech "made for the purpose of . . . promoting . . . goods or services." Cal. Civ. P. Code § 425.17(c) (the commercial speech exception). Nor does it apply to actions "in the public interest or on behalf of the general public." Cal. Civ. Proc. Code § 425.17(b). The filing of an anti-SLAPP motion should not delay the underlying action when either the commercial speech or public interest exception applies. *See* Cal. Civ. Code § 425.17(e).[5] The anti-SLAPP statute does not apply here, where Defendants' commercial speech is at issue relating to Defendants' advertisements including

---

[4] *Sessa v. Ancestry.com*, 561 F. Supp. 3d 1008 (D. Nev. 2021) (denying motion to dismiss Nevada claims against website that used yearbook photos to advertise subscriptions); *Knapke v. PeopleConnect Inc.*, 553 F. Supp. 3d 865 (W.D. Wash. 2021) (denying motion to dismiss Ohio right of publicity claims against yearbook website); *Bonilla v. Ancestry.com*, --- F. Supp. 3d ---, No. 20-cv-07390, 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021) (denying motion to dismiss Illinois claims); *Callahan v. PeopleConnect*, No. 20-cv-09203, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) (denying motion to dismiss California claims against yearbook website); *Krause v. RocketReach, LLC*, 561 F.Supp.3d 778 (N.D. Ill. 2021) (denying motion to dismiss Illinois right of publicity claims against website providing subscriptions to a directory); *Lukis v. Whitepages Inc.*, 549 F.Supp.3d 798 (N.D. Ill. 2021) (denying motion to dismiss Illinois claims against a website that, like Defendants', uses "preview" or "teaser" profiles of names, contact information, and other personal information to advertise subscriptions without consent); *Kellman v. Spokeo*, No. 21-cv-08976, 2022 WL 1157500 (N.D. Cal. April 19, 2022); *Kolebuck-Utz v. Whitepages Inc.*, No. 21-cv-53, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021) (denying motion to dismiss Ohio right of publicity claims regarding White pages' online subscription service); *Boshears v. PeopleConnect, Inc.*, No. 21-cv-1222, 2022 WL 888300 (W.D. Wash. Mar. 25, 2022); *Martinez v. ZoomInfo Techs, Inc.*, No. 21-cv-5725, 2022 WL 1078630, at *2-6 (W.D. Wash. April 11, 2022); *Siegel v. ZoomInfo Techs., Inc.*, No. 21-cv-2032, 2021 WL 4306148 (N.D. Ill. Sep. 22, 2021) (denying motion to dismiss Illinois right of publicity claims).

[5] Moreover, California's anti-SLAPP statute expressly disallows interlocutory appeals when the district court determines that either the commercial-speech or the public-interest exception applies. See Cal. Civ. Code § 425.17(e).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 6 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  Plaintiffs' and Class members' personas to sell subscriptions. Nor are Plaintiffs' and Class members' personas as used in Defendants' advertisements a matter of public interest.

Plaintiffs are aware of four occasions within the last year in which a defendant moved to strike pursuant to an anti-SLAPP statute on similar facts. In all four cases, the district court summarily denied the anti-SLAPP motions to strike on the ground that advertisements incorporating individuals' personal information do not implicate an issue of public concern. *See Martinez,* 2022 WL 1078630, at *7; *Callahan v. Ancestry*, No. 20-cv-08437-MB, 2021 WL783524, at *6-7 (N.D. Cal. March 1, 2021); *Sessa v. Ancestry.com Operations Inc.*, 561 F.Supp.3d 1008, 1034-35 (D. Nev. 2021); *Callahan v. PeopleConnect*, No. 20-cv-09203, 2021 WL 5050079, at *21 (N.D. Cal. Nov. 1, 2021). This reasoning is confirmed by cases finding that the statutory exceptions for "newsworthy" or "public affairs" communications do not apply to advertisements like Defendants'. *See, e.g., Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746, 752 (N.D. Ill. 2020).

***Third***, the *Martinez* appeal is highly unlikely to be successful and thus will not clarify or simplify pertinent issues in a manner helpful for Defendants. Given the long line of precedent in this Circuit against ZoomInfo's position, it is unlikely the Ninth Circuit will conclude the *Martinez* plaintiffs lack standing or that ZoomInfo is entitled to First Amendment protection. The *Martinez* appeal is likely to be unsuccessful because the *Martinez* court carefully analyzed a similar set of facts against the same anti-SLAPP statute here and reasoned that "the speech at issue is commercial in nature and not protected speech," 2022 WL 1078630, at *7, and that plaintiff Martinez showed a reasonable probability of prevailing on the merits of her right of publicity claims. *Id*. Indeed, counsel for ZoomInfo likely knows its appeal is likely to fail as well but instead, uses the anti-SLAPP statute as a delay tactic. Counsel handling the *Martinez* anti-SLAPP appeal for ZoomInfo also handled the *Sessa v. Ancestry.com*, No. 21-16618 (9th Cir.) anti-SLAPP appeal, in which counsel dismissed the appeal after full briefing and shortly before oral argument. This effectively delayed the *Sessa v. Ancestry.com* case for seven months. *See* No. 20-cv-02292 (D. Nev.).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 7 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Four district courts have summarily rejected the anti-SLAPP theory advanced here, and none have accepted it, which demonstrates that ZoomInfo is unlikely to prevail on its appeal. This Court may consider ZoomInfo's low likelihood of prevailing either as part of its analysis of the first *Hilton* factor or as part of its analysis of the third *CMAX* factor. Where, as here, an appeal is unlikely to alter the ruling of the district court below, the appeal is unlikely to "simplify[] . . . issues, proof, and questions of law." *See CMAX*, 300 F.2d 265 at 268. For this additional reason, and the reasons above, this factor weighs against granting a stay here.

Because staying this case would entail more than a "fair possibility" of harm to Plaintiffs by delaying entry of an injunction prohibiting Defendants' ongoing exploitation of Plaintiffs' and putative Class members' names and identities, and because Defendants have put forth no need for a stay, their motion to stay the entire case pending resolution of the *Martinez* should be denied.

InsideView relies heavily on the stays that courts granted in *Zhang v. Ancestry.com Operations, Inc.*, 21-cv-07652-LB, 2022 WL 718486 (N.D. Cal. March 10, 2022), and in *Sessa v. Ancestry*, No. 2:20-cv-02292 (D. Nev. Dec. 17, 2020). However, neither are relevant here. *Zhang* did not involve an anti-SLAPP appeal, instead granting a stay pending the resolution on appeal of two unrelated issues. Indeed, the same judge who granted the stay motion in *Zhang* denied a California anti-SLAPP motion in *Callahan v. Ancestry.com, Inc.*, 20-cv-8437-LB, 2021 WL 783524, *7 (N.D. Cal. March 1, 2021). In *Sessa*, the court granted a stay pending resolution of the anti-SLAPP appeal <u>in that case</u>, because the Nevada anti-SLAPP statute, like California's, requires a stay even when the appeal lacks merit. No. 2:20-cv-02292 (D. Nev. Dec. 17, 2020). InsideView has not shown that it has a likelihood of success on the merits, and thus its stay request must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to stay this action pending resolution of the *Martinez v. ZoomInfo* appeal should be denied.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STAY - 8 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

| | | |
|---|---|---|
| 1 | Dated: June 10, 2022 | By: */s/ Raina C. Borrelli* |

Raina C. Borrelli (*pro hac vice*)
raina@turkestrauss.com
Samuel J. Strauss (*pro hac vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Michael F. Ram, (*pro hac vice*)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn, (*pro hac vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
ben@osbornlaw.com
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiffs and the Proposed Classes*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY - 9 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

**CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 10th day of June, 2022.

TURKE & STRAUSS LLP

By: /s/ Raina C. Borrelli
Raina C. Borrelli (*pro hac vice*)
Email: raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY - 10 (Case No. 4:21-cv-09470-HSG)

**Turke & Strauss LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com