Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiff and the Proposed Class*
*(Additional counsel listed on signature page)*

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEMANDBASE, INC. and INSIDEVIEW TECHNOLOGIES, INC., <br><br> Defendants. | Case No. 4:21-cv-09470-HSG <br><br> Hon. Haywood S. Gilliam, Jr. <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Complaint Filed: December 8, 2021 |

Defendants Demandbase, Inc. and InsideView Technologies, Inc. (jointly, "Defendants") seek judicial notice under Fed. R. Evid. 201 of seven exhibits submitted in support of their Motion to Dismiss and, in the Alternative, to Strike under California's Anti-SLAPP Statute. *See* Doc. No. 31. Plaintiffs oppose this request for the first three exhibits because these documents are unrelated to Plaintiffs' claims against Defendants, are not incorporated by reference into Plaintiffs' Complaint, and are unsuitable for judicial notice. In any event, the inference Defendants draw from these documents is improper.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE - 1 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

**ARGUMENT**

Defendants ask the Court to take judicial notice of seven documents: Exhibits A-C are LinkedIn pages and Exhibits D-G are court filings in a similar case in another district. Doc. No. 33-1. Plaintiffs only oppose Defendants' request for judicial notice of Exhibits A-C. While Plaintiffs agree that the mere existence of these publicly available webpages is acceptable for the Court to judicially notice, Plaintiffs disagree that the content of those webpages can be taken as truth and used for the purposes of deciding the merits of Defendants' Motion.

On a motion to dismiss, the Court's review is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). All factual allegations in the complaint must be "taken as true and construed in the light most favorable" to the plaintiff, and "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations." *Id*. (citation omitted). Courts can look beyond the pleadings when materials are capable of judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit, however, has warned against "[t]he overuse and improper application of judicial notice" which "can lead to unintended and harmful results," including the premature dismissal of meritorious claims. *Martinez v. ZoomInfo Techs. Inc.*, No. C21-5725 MJP, 2022 WL 1078630, at *8 (W.D. Wash. Apr. 11, 2022) (quoting *Kohja*, 899 F.3d at 998).

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Kohja*, 899 F.3d at 998 (citing Fed. R. Evid. 201(b)). A "fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*. (quoting Fed. R. Evid. 201(b)(1)–(2)). A "high degree of indisputability" is generally required to justify judicial notice. *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc) (quoting Fed. R. Evid. 201 advisory committee's note). "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999; *Farrell v. Boeing Employees Credit*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE - 2 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

*Union*, 761 Fed. Appx. 682, 685 (9th Cir. 2019) (publicly accessible website may be judicially noticed to establish "the existence of the website in the public realm, but [not] to notice that the contents of the website are true."). "Federal courts are cautious of taking judicial notice of websites because the internet "contains an unlimited supply of information with varying degrees of reliability, permanence and accessibility." *Strojnik v. Azul Hospitality Grp.*, No. 219CV01877TLNACPS, 2019 WL 6467494, at *2 (E.D. Cal. Dec. 2, 2019), reconsideration denied, 2019 WL 6918264 (Dec. 19, 2019) (quoting *Pickett v. Sheridan Health Care Center*, 664 F.3d 648 (7th Cir. 2011)). Taking judicial notice in and of itself is not an issue but taking judicial notice of the truth of disputed facts (or the truth of inferences that flow from disputed facts) is improper. *Lee,* 250 F.3d at 688.

First, Exhibits A-C are not "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably disputed" under Fed. R. Evid. 201(b). On this point, Defendants misquote *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006)—just because a hard copy of the webpage is provided, does not mean the court must take judicial notice of it. Indeed, the court did <u>not</u> take judicial notice of the websites in *Caldwell* and noted how difficult it is to take judicial notice of websites "given the changing and changeable nature of internet websites." *Id*. Defendants also cite *Burnett v. McLane Foodservice, Inc.*, No. EDCV1801908JAKSHKX, 2019 WL 446225, at *4 (C.D. Cal. Feb. 5, 2019), in which the request for judicial notice of a LinkedIn webpage was not opposed.[1] It is also unclear the purpose for which it was judicially noticed. This authority is not persuasive here. However, the *Burnett* court did state that "judicial notice is not appropriate as to the truth of the statements made in [the LinkedIn webpage]." 2019 WL 446225, at *4.

---

[1] Similarly, in *Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 622 (N.D. Cal. 2019), the plaintiff's request for judicial notice was not opposed in this Fair Labor Standards Act case and defendant did not dispute the fact the LinkedIn page was intended to show (a person's job title). For this reason alone, this case is inapposite. Defendants also cite *McBain v. Behr Paint Corp.*, No. 16-CV-07036-MEJ, 2017 WL 1208074, at *3 (N.D. Cal. Apr. 3, 2017), which granted plaintiff's request to judicially notice a LinkedIn webpage, also for the purpose of showing a person's job title in a Fair Labor Standards Act case.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE - 3 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Defendants ask the Court to do what it simply cannot— "take judicial notice of . . . the contents of Plaintiffs' profile pages." *Compare* Doc. No. 33, at *2, *with Martinez*, 2022 WL 1078630, at *8 ("The Ninth Circuit has endorsed the view that a court can "take judicial notice of the existence of the website in the public realm, but [it has] decline[s] [*sic*] to notice that the contents of the website are true.") (quoting *Farrell*, 761 F. App'x at 684 n.1).

Second, the inference Defendants want the Court to draw from the availability of Plaintiffs' information on these websites is improper and misunderstands both the purpose of judicial notice and the right of publicity by arguing that this public availability destroys Plaintiffs' claims. *See* Doc. No. 38, p. 10; *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562, 573 (1977) ("in right of publicity cases the only question is who gets to do the publishing."). Plaintiffs do not claim their injuries stem from the *dissemination* of their information, which he or she may have posted on the internet. What Plaintiffs do argue, however, is that Defendants' taking of this publicly available information and using it to earn a profit <u>without Plaintiffs' consent</u> has injured them. *See Timed Out, LLC v. Youabian, Inc.*, 229 Cal.App.4th 1001, 1006 (Cal. Ct. App. 2014) (the right of publicity is the "right to prevent others from misappropriating the economic value" of one's name or identity.). Defendants (improperly) seek judicial notice of both the existence of the LinkedIn pages and the accuracy of their contents to argue that Plaintiffs consented to Defendants use of their information by Plaintiffs simply displaying it in the public realm. This assertion by Defendants goes too far at this stage and should not be allowed. *See, e.g., Langer v. Interval Int'l, Inc.*, No. 21-CV-1150 YGR, 2021 WL 5494192, at *2 (N.D. Cal. July 2, 2021) ("Even where documents are incorporated by reference or properly subject to judicial notice, the Court cannot consider them for the truth of the assertions therein, particularly in the context of a pleading motion." (citing *Lee*, 250 F.3d at 690)).

## CONCLUSION

For the foregoing reasons, Plaintiffs ask that Defendants' request for judicial notice be denied with respect to Ex. A, Ex. B, and Ex. C (Doc. No. 33-1).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE - 4 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

| | | |
|---|---|---|
| 1 | Dated: June 10, 2022 | By: */s/ Raina C. Borrelli* |

Raina C. Borrelli (*pro hac vice*)
raina@turkestrauss.com
Samuel J. Strauss (*pro hac vice*)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Michael F. Ram, (*pro hac vice*)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn, (*pro hac vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
ben@osbornlaw.com
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464

*Attorneys for Plaintiffs and the Proposed Classes*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE - 5 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

# CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 10th day of June, 2022.

>TURKE & STRAUSS LLP
>
>By:   */s/ Raina C. Borrelli*
>      Raina C. Borrelli (*pro hac vice*)
>      Email: raina@turkestrauss.com
>      TURKE & STRAUSS LLP
>      613 Williamson St., Suite 201
>      Madison, WI 53703
>      Telephone: (608) 237-1775
>      Facsimile: (608) 509-4423

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE - 6 (Case No. 4:21-cv-09470-HSG)

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com