KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
IAN KANIG - # 295623
ikanig@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
DEMANDBASE, INC. and
INSIDEVIEW TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMANDBASE, INC. and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 4:21-cv-09470-HSG<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION PENDING RELATED NINTH CIRCUIT APPEAL AND STAY DISCOVERY PENDING ANTI-SLAPP MOTION TO STRIKE**<br><br>Date:          November 10, 2022<br>Time:          2:00 p.m.<br>Courtroom:  2—4th Floor<br>Judge:        Hon. Haywood S. Gilliam, Jr.<br><br>Date Filed:  December 8, 2021<br><br>Trial Date:  N/A. |

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT ....................................................................................................2

     A.    Defendants' motion is properly evaluated under the Ninth Circuit's *CMAX*
         factors because it seeks a stay pending resolution of another proceeding.................3

     B.    Each of the *CMAX* factors supports the issuance of the requested stay, and
         Plaintiffs' arguments to the contrary are without factual and legal basis. .................4

         1.    Plaintiffs do not allege any ongoing harm because Defendants' online
             database, including its public profiles, is no longer publicly accessible............5

         2.    Defendants and the Court will expend substantial private and public
             resources if required to litigate this case through class certification.................6

         3.    The Ninth Circuit's decision in *Martinez* will address an important split
             in authority in this District on a dispositive legal issue in this case. ...................7

         4.    The relevant decisional law supports Defendants' requested stay. .....................9

III.   CONCLUSION................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aliphcom v. Fitbit, Inc.*,
   154 F. Supp. 3d 933 (N.D. Cal. 2015) ...................................................................4

*Atain Specialty Ins. Co. v. Zenisco, Inc.*,
   2020 WL 3640011 (N.D. Cal. July 6, 2020) ..........................................................4

*Callahan v. Ancestry.com Inc.*,
   2021 WL 2433893 (N.D. Cal. Jun. 15, 2021) ...........................................2, 8, 9, 10

*Callahan v. PeopleConnect, Inc.*,
   2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) ..........................................................8

*Cloudera, Inc. v. Databricks, Inc.*,
   2021 WL 3856697 (N.D. Cal. Aug. 30, 2021) ........................................................6

*CMAX v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ....................................................................... *passim*

*Erceg v. LendingClub Corp.*,
   475 F. Supp. 3d 1071 (N.D. Cal. 2020) ..................................................................3

*Finder v. Leprino Foods Co.*,
   2017 WL 1355104 (E.D. Cal. Jan. 20, 2017) .........................................................9

*Hilton v. Braunskill*,
   481 U.S. 770 (1987)..............................................................................................3, 4

*Hyams v. CVS Health Corp.*,
   2020 WL 6891901 (N.D. Cal. Nov. 24, 2020) .....................................................4, 6

*Lal v. Capital One Fin. Corp.*,
   2017 WL 282895 (N.D. Cal. Jan. 23, 2017) ...........................................................3

*Landis v. North American Co.*,
   299 U.S. 248 (1936)..............................................................................................3, 5

*Luckey v. United States Dep't of the Navy*,
   2019 WL 4059855 (N.D. Cal. Aug. 28, 2019) ........................................................4

*Minor v. FedEx*,
   2009 WL 1955816 (N.D. Cal. Jul. 6, 2009) ............................................................7

*Pamintuan v. Bristol-Myers Squibb Co.*,
   2016 WL 4319844 (N.D. Cal. July 14, 2016)..........................................................4

ii

*Phan v. Transamerica Premier Life Ins. Co.*,
　　2020 WL 5576358 (N.D. Cal. 2020) ............................................................1, 2, 3, 7

*Saunders v. Sunrun, Inc.*,
　　2020 WL 4601636 (N.D. Cal. Aug. 11, 2020) ..............................................2, 3

*Saunders v. Sunrun, Inc.*,
　　2020 WL 6342937 (N.D. Cal. Oct. 29, 2020) ..............................................3

*Sessa v. Ancestry.com*,
　　561 F. Supp. 3d 1008 (D. Nev. 2021) ..............................................9

*Sessa v. Ancestry.com Inc.*,
　　No. 21-16618, Dkt. No. 30 (9th Cir. Apr. 13, 2022) ..............................................9

*United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*,
　　2016 WL 1534885 (N.D. Cal. Apr. 15, 2016) ..............................................4

*Winter v. Nat. Res. Def. Council, Inc.*,
　　555 U.S. 7 (2008) ..............................................3

*Zhang v. Ancestry.com Ops. Inc.*,
　　2022 WL 718486 (N.D. Cal. Mar. 10, 2022) ..............................................1, 6, 9, 10

**Statutes**

California Code of Civil Procedure § 423.16(g) ..............................................10

**Constitutional Provisions**

First Amendment to the United States Constitution ..............................................1, 6, 7, 8

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
Case No. 4:21-cv-09470-HSG

1868628

## I.    INTRODUCTION

In their opposition to Defendants' motion to stay, Plaintiffs concede that the Ninth Circuit is now hearing an appeal—*Martinez v. ZoomInfo Technologies, Inc.*—that will address several of the dispositive issues raised by Defendants' pending motion to dismiss and to strike.  Dkt. No. 39 ("Stay Opp.") at 2–3.  That appeal—in a case also brought by Plaintiffs' counsel—concerns the Article III standing, First Amendment, and anti-SLAPP defenses to the same California right-of-publicity claims that are before this Court, in a similar factual context involving the publication of an online biographical database.  Given these overlapping defenses, there is no real question that the Ninth Circuit's decision in *Martinez* will clarify the issues presented by Defendants' motions.  That is a strong reason for the Court to wait to decide these dispositive issues until after the Ninth Circuit does.  *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2020 WL 5576358, at *2 (N.D. Cal. 2020) (where an appeal in another case raises overlapping, dispositive legal issues, that "weighs heavily in favor of a stay").  And it is why Judge Beeler recently stayed a similar action brought by Plaintiffs' counsel against another online database company.  *Zhang v. Ancestry.com Ops. Inc.*, No. 21-cv-07652-LB, 2022 WL 718486, at *7 (N.D. Cal. Mar. 10, 2022) (explaining the risk of inconsistency if the district court rules before the Ninth Circuit).

Instead, Plaintiffs contend that staying this case would cause them "irreparable harm"; that continued litigation would present no burden to Defendants; and that the *Martinez* appeal will not clarify anything because the relevant law is already settled.  Stay Opp. at 5–8.  This is all wrong.

***First,*** Plaintiffs do not allege that they are incurring irreparable harm anywhere in their complaint.  The reason why is simple:  Defendants no longer publicly make available Plaintiffs' biographical and professional contact information.  Declaration of Ian Kanig ("Kanig Decl.") ¶¶ 2–4 (Defendant Demandbase, Inc. acquired Defendant InsideView Technologies, Inc. in May 2021, and removed the InsideView database—and Plaintiffs' profile pages—from public view).  Accordingly, under their own theory of liability in this case, it is impossible for Plaintiffs or the putative class to incur any further harm, let alone irreparable harm.  ***Second,*** Plaintiffs ignore the well-established law in this District holding that "there will be a tremendous waste of resources, for both [Defendants] and the Court, if this case continues into discovery, class certification, and

1868628

motions practice while the Ninth Circuit [is] considering potential dispositive issues in this case." *See Phan*, 2020 WL 5576358, at *2. For that reason, courts in this District, including this Court, routinely enter case management stays pending resolution of appeals addressing dispositive legal issues. *See, e.g.*, *Saunders v. Sunrun, Inc.*, No. 19-CV-04548-HSG, 2020 WL 4601636, at *6 (N.D. Cal. Aug. 11, 2020) (granting stay pending resolution of a "dispositive" legal issue in other appeal). And ***third,*** at the same time that Plaintiffs contend that this Court would not benefit from the Ninth Circuit's guidance in the *Martinez* appeal, they admit that there is a **split in authority** in this District as to whether they have Article III standing to pursue ***any*** of their right-of-publicity claims. Dkt. No. 38 at 4 (discussing *Callahan v. Ancestry.com Inc.*, No. 20-cv-08437-LB, 2021 WL 2433893, at *5 (N.D. Cal. Jun. 15, 2021)). That fact alone warrants the requested stay.

Accordingly, all three factors set out in the controlling stay standard from *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), weigh in favor of a stay, and the Court should stay the case.[1]

## II.    ARGUMENT

While Plaintiffs concede that the Ninth Circuit appeal in *Martinez* will address several of the dispositive legal issues that are presented by Defendants' pending motion to dismiss and anti-SLAPP motion to strike, they contend that a stay pending resolution of that appeal is improper for several reasons. Specifically, they argue: (1) that Defendants have applied the incorrect legal standard for a stay pending resolution of another proceeding and, under the correct standard, have failed to show they are likely to succeed on the merits and would incur irreparable harm without a stay; (2) that Plaintiffs and the putative class will incur irreparable harm during the pendency of any stay because Defendants would continue to display and advertise their business contact information online; (3) that Defendants and the Court would not shoulder any burden in litigating Plaintiffs' action through class certification; and (4) that the Ninth Circuit appeal in *Martinez* will not clarify any issues presented here because they say that several district courts have already rejected similar defenses in other cases. All of these arguments are legally and/or factually false.

---

[1] Plaintiffs briefly dispute that *CMAX* controls here, but this is plainly wrong, as set forth below. Separately, and in any case, Plaintiffs concede that the filing of Defendants' anti-SLAPP motion to strike automatically stayed all discovery pending resolution of that motion. Stay Opp. at 2.

1868628

**A.**      **Defendants' motion is properly evaluated under the Ninth Circuit's *CMAX* factors because it seeks a stay pending resolution of another proceeding.**

As an initial matter, Plaintiffs dispute the legal standard that district courts should apply when considering whether to stay an action pending resolution of another proceeding.  Stay Opp. at 4.  Plaintiffs contend that the more burdensome standard set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), controls,[2] and not the standard first discussed in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and then formalized in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Plaintiffs are mistaken.  "*Landis* sets forth the standard applicable here, where a party seeks to stay a district court proceeding pending the resolution of another action.  The *Hilton* standard, in contrast, applies where a party seeks to stay enforcement of a judgment or order pending an appeal of that same judgment or order in the same case."  *Lal v. Capital One Fin. Corp.*, No. 16-CV-06674-BLF, 2017 WL 282895, at *1–2 (N.D. Cal. Jan. 23, 2017).  That is why the *Hilton* standard requires a greater showing than *Landis* and *CMAX*.  In the *Hilton* context, the stay movant's argument has already been evaluated and rejected by the district court.  But in the *Landis* context, the district court has not yet made any decision about the merits of the movant's legal position.  The district court simply "may find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it[.]"  *Phan*, 2020 WL 5576358, at *2.  To be sure, Plaintiffs cite no authority in support of their position that *Hilton* controls.

Thus, this Court has uniformly applied the *Landis*/*CMAX* factors when evaluating whether to stay an action pending resolution of an appeal in another proceeding.  *See, e.g.*, *Saunders v. Sunrun, Inc.*, No. 19-cv-04548-HSG, 2020 WL 6342937, at *2 (N.D. Cal. Oct. 29, 2020) (granting *Landis* stay under *CMAX* factors to stay action pending resolution of related legal issue by the U.S. Supreme Court); *Saunders*, 2020 WL 4601636, at *6 (same pending resolution of issue by the California Supreme Court); *Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1076

---

[2] The *Hilton* standard inquires: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton*, 481 U.S. at 776.  On its face, the *Hilton* standard is essentially the same standard that district courts apply when determining whether to issue a preliminary injunction.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

(N.D. Cal. 2020) (same); *see also Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2020 WL 6891901, at *1 (N.D. Cal. Nov. 24, 2020) (same pending resolution of class settlement in parallel action); *Atain Specialty Ins. Co. v. Zenisco, Inc.*, No. 19-CV-05198-HSG, 2020 WL 3640011, at *2 (N.D. Cal. July 6, 2020) (same pending resolution of another action); *Luckey v. United States Dep't of the Navy*, No. 18-CV-06071-HSG, 2019 WL 4059855, at *1 (N.D. Cal. Aug. 28, 2019) (same pending resolution of congressional session); *Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-CV-00254-HSG, 2016 WL 4319844, at *1 (N.D. Cal. July 14, 2016) (same pending MDL panel decision); *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, No. 15-CV-01039-HSG, 2016 WL 1534885, at *2 (N.D. Cal. Apr. 15, 2016) (same pending resolution of underlying dispute in insurance coverage action); *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 939 (N.D. Cal. 2015) (same pending resolution of parallel ITC proceedings). Conversely, this Court has never applied *Hilton* to this type of stay motion. There is no reason to do so now.

Accordingly, in evaluating whether to stay this case pending the *Martinez* appeal, this Court should consider: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

## B. Each of the *CMAX* factors supports the issuance of the requested stay, and Plaintiffs' arguments to the contrary are without factual and legal basis.

Having established the proper framework for evaluating this stay motion, Defendants now turn to Plaintiffs' arguments against a stay. Plaintiffs contend there is a "fair possibility" that they and the putative class would incur "irreparable injury" during the pendency of a stay because Defendants will continue to publicly use their business-contact information online. Stay Opp. at 5. If that were true, they say, then Defendants would need to show that litigating this case would constitute a clear case of hardship or inequity, which is not normally required under *CMAX*. *Id.* And Plaintiffs say that Defendants cannot make that showing because defending an action is not a hardship standing alone. *Id.* Finally, Plaintiffs contend that this Court would not benefit from the Ninth Circuit's guidance in *Martinez* because they say that the applicable law is already settled.

These arguments are baseless. Plaintiffs do not allege that they are incurring any ongoing harm, given that Defendants no longer publicly display their profile pages and information online. As a result, there is no risk of any ongoing harm to Plaintiffs, and Defendants need not make any heightened showing of hardship or inequity in order to prevail on their stay motion. To that end, it is well established that litigating pre-trial motions to class certification while a dispositive issue is being decided on appeal in another action is a sufficient basis to issue a *Landis* stay. And while Plaintiffs say that the issues before the Court are settled, they simultaneously admit that there is a split in authority in this District on a dispositive issue that the Ninth Circuit has not yet addressed. Accordingly, all three of the *CMAX* factors weigh in favor of issuing the requested *Landis* stay.

**1. Plaintiffs do not allege any ongoing harm because Defendants' online database, including its public profiles, is no longer publicly accessible.**

Plaintiffs contend that there is a "fair possibility" that they will incur "irreparable harm" if this case were temporarily stayed pending the Ninth Circuit's resolution of the *Martinez* appeal. Stay Opp. at 5. But Plaintiffs do not allege that they are suffering an irreparable injury anywhere in their complaint. *See generally* Dkt. No. 30. And they certainly do not present any evidence of irreparable harm in connection with their opposition to this motion. *See generally* Stay Opp.

The reason why is simple. After Demandbase acquired InsideView, the InsideView database and public profile pages containing Plaintiffs' business-contact information that are the subject of this lawsuit were removed from public access. Kanig Decl. ¶ 2. Presently, if one tries to navigate to insideview.com—the website that once permitted free, public access to Plaintiffs' limited profile pages and their alleged advertisements for InsideView Pro—they are redirected to Demandbase's homepage. *Id.* ¶ 3. And if one searches for Plaintiffs' (or anyone's) formerly public profile pages from the InsideView database using a search engine, no results return. *Id.* ¶ 4. Accordingly, the public can no longer view any of the alleged "advertisements" that Plaintiffs claim to have misappropriated their names and likenesses. *Id.* ¶ 5. Thus, under Plaintiffs' own allegations, they cannot incur any ongoing or irreparable injury pending the requested stay. As a result, the only specific injury that Plaintiffs can allege is monetary and retroactive and, as they admit, it is well-established that a "delay in monetary recovery is an insufficient basis to deny a

stay." *See Zhang*, 2022 WL 718486, at *7 (citation omitted); *see also* Stay Opp. at 5.

Plaintiffs also contend that "there could be problems of preserving evidence if a stay were to be granted." Stay Opp. at 5. But as this Court has recognized, unsubstantiated concerns about evidence preservation are a "tenuous" basis to deny an otherwise proper stay, and has rejected them. *E.g., Hyams*, 2020 WL 6891901, at *2; *cf. Cloudera, Inc. v. Databricks, Inc.*, No. 21-CV-01217-HSG, 2021 WL 3856697, at *3 (N.D. Cal. Aug. 30, 2021) (denying stay where there was clear evidence that the defendant's employees were actively erasing evidence on their laptops). In any case, Plaintiffs' concerns are without basis because Defendants have issued appropriate litigation holds to prevent any loss of evidence during the pendency of a stay. Kanig Decl. ¶ 6.

Accordingly, there is no risk of Plaintiffs incurring any injury whatsoever during a stay. The first *CMAX* factor thus weighs heavily in favor of staying this case pending resolution of the *Martinez* appeal, and the Court need not find hardship or inequity to Defendants to issue a stay.

2. **Defendants and the Court will expend substantial private and public resources if required to litigate this case through class certification.**

That being said, if Defendants (and Judge Beeler) are correct that Plaintiffs lack standing to assert their right-of-publicity claims for lack of injury-in-fact, then litigating this case through class certification will waste substantial private and judicial resources. *See* Dkt. No. 31 at 6–11; *Zhang*, 2022 WL 718486 at *7. The same is true of Defendants' First Amendment, statutory, and anti-SLAPP defenses, which, if meritorious, would also require a dismissal with prejudice.

Beyond any further pleading practice that may be required in this case, such as another round of motion to dismiss or anti-SLAPP briefing, Plaintiffs have served broad, intensive written discovery on Defendants that will likely generate discovery disputes for this District to decide. *See* Kanig Decl. ¶ 6, Exs. A & B. These requests include requests for production of all agreements that Defendants have entered into for the sale of information from its database, all documents relating to how InsideView acquired all of the information in its database, as well as all of the information itself. *Id.*, Ex. A at 4, 7–8. Plaintiffs are also likely to seek depositions from Defendants, and have represented that third party discovery may be necessary. Stay Opp. at 5. For their part, Defendants will take the oral depositions of the named Plaintiffs, and may file

an early motion for summary judgment based on the outcome of those depositions.  And Plaintiffs will likely seek certification of a nationwide right-of-publicity class under California law, as well as an Ohio right-of-publicity subclass, under both Rule 23(b)(2) and 23(b)(3).  Dkt. No. 30 ¶ 85–94.  Motions like those are notoriously burdensome and time-intensive to brief and adjudicate.  Defendants and the Court would likely have to spend hundreds of hours resolving these issues.

Given these litigation realities, Plaintiffs ignore the well-established decisional law in this District that holds "there will be a tremendous waste of resources, for both [Defendants] and the Court, if this case continues into discovery, class certification, and motions practice while the Ninth Circuit [is] considering potential dispositive issues in this case."  *Phan*, 2020 WL 5576358, at *2.  As Judge Henderson once explained, "while going forward does not impose inequity, it certainly appears to be a hardship to conduct pointless discovery that may well be moot following a holding [by the appellate court in the appeal at issue]."  *Minor v. FedEx*, No. C 09-1375 TEH, 2009 WL 1955816, at *1 (N.D. Cal. Jul. 6, 2009).  That observation continues to hold true.  To be sure, all that Plaintiffs say with respect to the second *CMAX* factor is that Defendants have not put forward a clear case of hardship or inequity.  Stay Opp. at 5.  But, as explained above, Defendants are not required to make such a showing, because there is no risk of ongoing harm to Plaintiffs.

Accordingly, the second *CMAX* factor also weighs heavily in favor of the requested stay.

### 3. The Ninth Circuit's decision in *Martinez* will address an important split in authority in this District on a dispositive legal issue in this case.

Finally, Plaintiffs' contention that *Martinez* will not clarify any of the issues presented by Defendants' pending motion to dismiss and anti-SLAPP motion to strike is just wrong.  Plaintiffs do not dispute that the *Martinez* appeal will address the dispositive Article III standing, First Amendment, statutory exemption, and anti-SLAPP defenses that are now before the Court.  More specifically, the Ninth Circuit will have the opportunity to decide whether Plaintiffs can assert a cognizable and plausible injury based on: (1) violation of alleged intellectual property rights that hold no corresponding commercial value; (2) violation of privacy interests for information that Plaintiffs already made public on LinkedIn; and (3) alleged mental harm based on publishing that public, truthful, and innocuous business-contact information.  *Compare* Defs.' RJN, Ex. E at 4–11

(the *Martinez* defendant's motion to dismiss on these Article III standing grounds) *with* Dkt. No. 31 at 6–11 (Defendants' motion to dismiss on these same Article III standing grounds). Further, the *Martinez* appeal will also address whether the First Amendment protects a company's speech in an online database and the use of that speech for commercial purposes. *Compare* Defs.' RJN, Ex. E at 11–16 *with* Dkt. No. 31 at 14–19. Each of these issues is legally dispositive here.

Plaintiffs say that several district court decisions have denied motions to dismiss based on similar arguments, and thus the law is already clear. Stay Opp. at 6. As an initial matter, many of these cases concern right-of-publicity claims under different laws that are not at issue here. *See id.* (citing *Sessa v. Ancestry.com*, 561 F. Supp. 3d 1008 (D. Nev. 2021) (Nevada law); *Bonilla v. Ancestry.com*, — F. Supp. 3d ——, No. 20-cv-07390, 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021) (Illinois law); *Krause v. RocketReach, LLC*, 561 F. Supp. 3d 778 (N.D. Ill. 2021) (same); *Lukis v. Whitepages Inc.*, 549 F. Supp. 3d 798 (N.D. Ill. 2021) (same); *Siegel v. ZoomInfo Techs., Inc.*, No. 21-cv-2032, 2021 WL 4306148 (N.D. Ill. Sep. 22, 2021) (same)). Thus, this decisional law is "not likely helpful given that it involves [right-of-publicity] claims under [different state] law[.]" *Martinez*, 2022 WL 1078630, at *10. Indeed, as Plaintiffs themselves state in their opposition to Defendants' motion to dismiss, there is only one case that applies California right-of-publicity law in an analogous factual context. Dkt. No. 38 at 3. That case is *Martinez*, now on appeal.

Further, Plaintiffs admit that there is a split in authority in this District about whether they have Article III standing—specifically, injury-in-fact—to assert their right-of-publicity claims. *Compare Callahan v. Ancestry.com Inc.*, No. 20-cv-08437-LB, 2021 WL 2433893, at *5 (N.D. Cal. Jun. 15, 2021) (dismissing California right-of-publicity claims for lack of Article III standing) *with Callahan v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2021 WL 5050079, at *14–*18 (N.D. Cal. Nov. 1, 2021). The Ninth Circuit has not yet addressed this split. Critically, the Ninth Circuit had the opportunity to decide this issue in *Callahan v. Ancestry.com Inc.*, when Plaintiffs' counsel appealed Judge Beeler's order dismissing similar California right-of-publicity claims for lack of Article III standing. No. 20-cv-08437-LB, 2021 WL 2433893, at *5 (N.D. Cal. Jun. 15, 2021). But ***Plaintiffs' counsel*** voluntarily dismissed their appeal in that case after merits briefing was complete and oral argument was set. This conduct begs the question: if Plaintiffs

are so confident about the strength of their legal position, why was Plaintiffs' counsel unwilling to have the Ninth Circuit decide these issues back then?  The Court should not allow Plaintiffs' counsel to dodge the question on appeal to the Ninth Circuit this time around.  *See Finder v. Leprino Foods Co.*, No. 1:13–CV–02059, 2017 WL 1355104, at \*4 (E.D. Cal. Jan. 20, 2017) (staying action pending appeal because the issues had "evaded Ninth Circuit review").

Additionally, there are important differences between this case and the district court cases that have already considered similar Article III standing arguments about the right of publicity. Among them, Plaintiffs in this case publicly posted all the information at issue on their LinkedIn pages, yet still assert privacy interests and emotional injuries over the publication of that material in the context of Defendants' database and purported "advertisements" therefor.  *See* Dkt. No. 31. The only other case that raised a similar argument is *Martinez*.  *See* Defs.' RJN, Ex. E at 7–9. Accordingly, the *Martinez* appeal will likely shed unique light on the validity of this defense.  *Cf. Martinez*, 2022 WL 1078630, at \*10 (where appeals in other cases "involve[] different websites that advertise subscriptions in different ways," Ninth Circuit guidance is likely to be less helpful).

Finally, Plaintiffs insinuate that the *Martinez* appeal is merely a delay tactic and thus will never reach a substantive ruling. Stay Opp. at 7.  Plaintiffs make this claim based on the fact that defense counsel for *Martinez* previously dismissed another similar appeal. *Id.* (discussing *Sessa v. Ancestry.com Inc.*, No. 21-16618, Dkt. No. 30 (9th Cir. Apr. 13, 2022).  This argument seems disingenuous, given that Plaintiffs' counsel **stipulated** to dismiss that appeal. *Id.*  In any case, there is no evidence or other indication that the *Martinez* appeal will not be decided.  To be sure, highly experienced appellate counsel has now appeared for the defendant, and it seems unlikely that it would incur those attorneys' fees just to dismiss the case. *Sessa*, Dkt. Nos. 10–13.

### 4.    The relevant decisional law supports Defendants' requested stay.

For these reasons, and as discussed in Defendants' moving papers, Judge Beeler recently stayed a similar case pending an analogous appeal to the Ninth Circuit. *Zhang*, 2022 WL 718486, at \*7–8.  Plaintiffs say *Zhang* is inapposite, and that the Court instead should follow *Martinez*, which denied a motion to stay pending resolution of the appeal from Judge Beeler's order in *Callahan* that held that the plaintiff had no Article III standing. Stay Opp. at 8 (citing *Martinez*,

2022 WL 1078630, at *7). Although arising in a slightly different procedural context,[3] Judge Beeler granted an identical stay of that California right-of-publicity case pending resolution of a related Ninth Circuit appeal. *Zhang*, 2022 WL 718486, at *7–8. In doing so, the court held that the plaintiff would suffer "no obvious damage from granting a stay," because she could seek only monetary remedies, while a stay would help avoid the clear risk of "inconsistent rulings" with the Ninth Circuit. *Id.* That is precisely the situation this Court now confronts.

Further, the *Martinez* stay decision is immediately distinguishable. For one thing, one of the two appeals that the *Martinez* stay motion was predicated upon (the *Callahan* appeal) had already been dismissed **by Plaintiffs' counsel** by the time that the district court in *Martinez* ruled on the defendant's motion to stay. *Martinez*, 2022 WL 1078630, at *9. Plainly, the district court could not stay the case in favor of a dismissed appeal. For another, the *Martinez* court found that there was a risk of ongoing harm to the plaintiff that cannot exist here. *Id.* That risk of ongoing harm in turn required the defendant to make out a clear case of hardship or inequity under *CMAX*. *Id.* And because the defendant could not show hardship beyond litigation, a stay was improper. *Id.* Again, given that Defendants ceased publishing the InsideView database for free online, there is no longer any risk of harm to Plaintiffs or the putative class—not that there ever was.

Accordingly, the analysis is *Martinez* is inapposite, and the Court should follow *Zhang*.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this action pending resolution of the Ninth Circuit appeal in the *Martinez* action. Alternatively, the Court should issue an order noting that discovery is automatically stayed pursuant to California Code of Civil Procedure § 423.16(g) pending resolution of Defendants' anti-SLAPP motion to strike.

///

///

///

///

---

[3] In *Zhang*, the plaintiffs moved to remand at the same time that the defendant moved to dismiss, causing the defendant to request a stay pending resolution of the *Callahan* appeal. *Id.* at *1–2. Defendants do not believe that this procedural difference presents any material distinction here.

1868628

1   Dated:  July 8, 2022                      KEKER, VAN NEST & PETERS LLP

2
                                         By:    /s/ R. Adam Lauridsen
3                                               R. ADAM LAURIDSEN
                                                JULIA L. ALLEN
4                                               IAN KANIG
                                                CODY GRAY
5
                                                Attorneys for Defendants
6                                               DEMANDBASE, INC. and
                                                INSIDEVIEW TECHNOLOGIES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
Case No. 4:21-cv-09470-HSG

1868628