KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
IAN KANIG - # 295623
ikanig@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
DEMANDBASE, INC., and
INSIDEVIEW TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMANDBASE, INC., and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 4:21-cv-09470-HSG<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**Pursuant to Fed. R. Evid. 201.**<br><br>Date:         November 10, 2022<br>Time:        2:00 p.m.<br>Courtroom: 2 —4th Floor<br>Judge:       Hon. Haywood S. Gilliam, Jr.<br><br>Date Filed:  December 8, 2021<br><br>Trial Date:  N/A. |

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Plaintiffs vigorously oppose Defendants' request that the Court take judicial notice of Plaintiffs' publicly-available LinkedIn profiles that contain the supposedly private information that forms the basis for their alleged right-of-publicity injuries.  Dkt. No. 40 ("RJN Opp.").  In doing so, Plaintiffs make two arguments: (1) the accuracy of their publicly-available LinkedIn profiles is theoretically disputable and thus cannot be judicially noticed; and (2) the Court cannot use these materials to adjudicate the plausibility of their alleged right-of-publicity injuries.  Both of these arguments are incorrect as a matter of law.  The Court should grant Defendants' request.[1]

***First,*** Plaintiffs do not and cannot dispute that courts in this District routinely take judicial notice of the contents of publicly-available websites, including the contents of LinkedIn profiles.  *See* Dkt. No. 33 ("RJN") at 1–2 (collecting cases).  Indeed, this Court routinely does so.  *See, e.g.*, *Whitaker v. LL S. San Francisco, L.P.*, No. 21-CV-00632-HSG, 2021 WL 2291848, at *3 (N.D. Cal. Jun. 4, 2021) ("Websites and their contents may also be proper subjects for judicial notice.") (citing *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020), and *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) ("[W]ebsites and their contents may be proper subjects for judicial notice" where party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice")).  That is because the accuracy of publicly-available websites is generally not subject to reasonable dispute.  Nor is it here.  Defendants have provided hard copies of these websites for the Court's review, and have authenticated these copies by declaration of counsel.  RJN, Exs. A–C; Dkt. No. 33–1.  Indeed, Plaintiffs ***do not dispute*** the accuracy or authenticity of these materials.  Without any actual dispute, the Court should overrule Plaintiffs' objection.  *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1206 (N.D. Cal. 2014) (taking judicial notice of various websites where the party opposing did not object to their accuracy or authenticity).  To be clear, Defendants do not seek judicial notice of the ***truth*** of any facts in Plaintiffs' LinkedIn profiles.  Defendants request only judicial notice of the ***fact*** that Plaintiffs publicly hold out this information on the internet.

---

[1] Plaintiffs do not oppose Defendants' request for judicial notice of several filings from a similar right-of-publicity action that is now on appeal to the Ninth Circuit.  Pl.'s RJN Opp. at 1.

***Second,*** Plaintiffs contend that Defendants are trying to judicially notice their LinkedIn profile pages for an improper purpose—to prove that "Plaintiffs consented to Defendants['] use of their information by Plaintiffs simply displaying it in the public realm." RJN Opp. at 4. That is not true. As noted above, Defendants request notice of the ***fact*** that Plaintiffs publicly hold out on the internet the same information that their complaint repeatedly alleges is private and forms the basis for their right-of-publicity injuries. *See, e.g.*, Dkt. No. 30 ¶ 16 (alleging that Defendants have "violated" their "privacy rights"); *id.* ¶ 48 ("Mr. Gbeintor feels that InsideView's use of his . . . personal information . . . is an alarming invasion of his privacy."). Plaintiffs even go so far as to ***redact*** from their complaint this information as a matter of "privacy." *E.g., id.* ¶ 34. But a person's information is not private where it is "available to any person with a computer." *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1130 (2009). And critically, "[t]he value of the plaintiff's name is not appropriated . . . by reference to it in connection with legitimate mention of his public activities. No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation." *Harvey v. Sys. Effect, LLC*, 154 N.E. 3d. 293, 304–05 (Ohio Ct. App. 2020). Thus, Plaintiffs' public activities, including those disclosed on LinkedIn, are relevant to Defendants' motion to dismiss. To be sure, judicially noticeable materials are properly used to contradict the complaint and override unreasonable inferences. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("We are not . . . required to accept as true allegations that contradict . . . matters properly subject to judicial notice . . . or unreasonable inferences."). Plaintiffs' objection that Defendants are using their LinkedIn profiles for an improper purpose is thus incorrect.

Dated: July 8, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ R. Adam Lauridsen
R. ADAM LAURIDSEN
JULIA L. ALLEN
IAN KANIG
CODY GRAY

Attorneys for Defendants
DEMANDBASE, INC., and
INSIDEVIEW TECHNOLOGIES, INC.