KEKER, VAN NEST & PETERS LLP
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
IAN KANIG - # 295623
ikanig@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
DEMANDBASE, INC., and
INSIDEVIEW TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEMANDBASE, INC., and INSIDEVIEW TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 3:21-cv-09470-TLT<br><br>**DEFENDANTS DEMANDBASE, INC. AND INSIDEVIEW TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**<br><br>**Pursuant to Court Order of Jan. 5, 2023.**<br><br>Date:    May 2, 2023<br>Time:    2:00 p.m.<br>Courtroom:    9—19th Floor<br>Judge:    Hon. Trina L. Thompson<br><br>Date Filed:    December 8, 2021<br><br>Trial Date:    N/A. |

DEFENDANTS' MOTION FOR LEAVE TO FILE RECONSIDERATION MOTION
REGARDING ORDER GRANTING DEFENDANTS' MOTION TO STAY
Case No. 3:21-cv-09470-TLT

2040730

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on May 2, 2023 at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Trina L. Thompson in Courtroom 9, 19th Floor of the Philip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Demandbase, Inc. and InsideView Technologies, Inc. (jointly, "Defendants") will move for reconsideration of the Court's finding that their motion to strike Plaintiffs' amended complaint under California's anti-SLAPP statute is untimely.  *See* Dkt. No. 59 ("Stay Order") at 1; *see also* Dkt. No. 31 (motion to dismiss and anti-SLAPP motion to strike).  Defendants do not otherwise seek reconsideration of the Stay Order.

This Court granted Defendants' motion for leave to file this reconsideration motion. Order Granting Defs.' Mot. for Leave to File Reconsideration Mot. (Jan. 5, 2023).  Defendants respectfully request that this Court reconsider its finding that Defendants' anti-SLAPP motion to strike Plaintiffs' amended complaint is untimely because the 60-day default deadline to file an anti-SLAPP motion set out in California Code of Civil Procedure § 425.16(f) does not apply in federal court.  *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016).  Further, even if that deadline did apply, Judge Gilliam, who was previously assigned to this case, gave Defendants permission to file their anti-SLAPP motion when they did.  Dkt. No. 29.  Because § 425.16(f) authorizes courts to extend the default deadline to file an anti-SLAPP motion, Defendants' anti-SLAPP motion was timely even if § 425.16(f) applied in federal court.[1]  These issues are proper grounds for reconsideration under this District's civil local rules.  *See* Civ. L.R. 7-9(b)(3).

This motion is based on this notice of motion and motion for reconsideration, the attached memorandum of points and authorities, all files and records in this case, the proposed order, and any evidence that may be admitted on the hearing of this motion.  The Court should grant this

---

[1] Indeed, even if the deadline in California Code of Civil Procedure § 425.16(f) applied in federal court, and even if Judge Gilliam had not extended the deadline, Defendants' anti-SLAPP motion to strike would still be timely as to all the new claims asserted in the amended complaint.  *See Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 643 (2018).

reconsideration motion without further briefing or hearing pursuant to Civil Local Rules 7–1(b) and 7–9(d).

Dated: January 24, 2023                                          KEKER, VAN NEST & PETERS LLP

                                                          By:  /s/ Ian Kanig
                                                               R. ADAM LAURIDSEN
                                                               JULIA L. ALLEN
                                                               IAN KANIG
                                                               CODY GRAY

I.     INTRODUCTION

Defendants respectfully request that the Court reconsider its finding that Defendants' anti-SLAPP motion to strike is untimely in its order granting Defendants' motion to stay this action pending resolution of the appeal in *Martinez v. ZoomInfo Technologies, Inc*. *See* Stay Order at 1. Defendants do not seek reconsideration of any other aspect of the Court's order staying this case.

On its face, California Code of Civil Procedure § 425.16(f) sets a 60-day deadline to file an anti-SLAPP motion to strike a complaint from the date of its service.  Cal. Civ. Proc. Code § 425.16(f).  But "[t]he Ninth Circuit has held that this requirement does not apply in federal court and, instead, the timelines for bringing motions under the Federal Rules of Civil Procedure govern."  *Peterson v. Sutter Med. Found.*, No. 3:21-CV-04908-WHO, 2022 WL 2869531, at *10 (N.D. Cal. Jul. 20, 2022) (citing *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016)).  For that reason, Defendants' anti-SLAPP motion to strike cannot have been untimely under § 425.16(f).

Further, Judge Gilliam gave Defendants permission to file their anti-SLAPP motion when they did.  Dkt. No. 29 (order granting the parties' stipulation to allow Plaintiffs to file an amended complaint and setting Defendants' deadline to file "any motion in response" as May 13, 2022). Thus, even if the default statutory deadline to file an anti-SLAPP motion applied in federal court, Defendants' anti-SLAPP motion was timely because Judge Gilliam extended the time to file it. *Ryan v. Cnty. of Imperial*, No. 21CV1076-JO-KSC, 2022 WL 4819143, at *3 (S.D. Cal. Sept. 29, 2022) (holding that anti-SLAPP motion was timely because, even if the statutory deadline applied in federal court, the court had granted the parties' stipulated motion to extend the filing deadline); Cal. Civ. Proc. Code § 425.16(f) ("The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.").[2]

For these reasons, Defendants respectfully request that the Court reconsider its finding that Defendants' anti-SLAPP motion to strike was untimely and, if the Court so finds, to issue an amended order granting Defendants' motion to stay that removes that finding from the order.

---

[2] Indeed, even if the deadline in California Code of Civil Procedure § 425.16(f) applied in federal court, and even if Judge Gilliam had not extended the deadline, Defendants' anti-SLAPP motion to strike would still be timely as to all the new claims asserted in the amended complaint. *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 643 (2018).

## II.     BACKGROUND

**A.     Plaintiff Gbeintor served his original complaint in January 2022, and Judge Gilliam extended Defendants' deadline to respond until March 4, 2022.**

Plaintiff Amos Gbeintor filed his original complaint in this action on December 8, 2021. Dkt. No. 1.  The complaint was served on Defendant Demandbase, Inc. on January 5, 2022, Dkt. No. 13, and served on Defendant InsideView Technologies, Inc. on January 10, 2022, Dkt. No. 14.  On January 24, 2022, Judge Gilliam granted the parties' stipulation to extend Defendants' deadline to "answer or otherwise respond" to the complaint to March 4, 2022.  Dkt. No. 23.

**B.     Judge Gilliam then granted the parties' stipulation to allow Plaintiff Gbeintor to file an amended complaint, and set a response deadline of May 13, 2022.**

Days before Defendants were set to file their anti-SLAPP motion to strike pursuant to the Court's January 24, 2022 stipulated order, Plaintiffs' counsel disclosed that they intended to file an amended complaint, and the parties agreed to a response schedule for that as-yet-unfiled amended pleading.  On March 2, 2022—56 days after Plaintiff Gbeintor served Demandbase and 51 days after Plaintiff Gbeintor served InsideView with the complaint—Judge Gilliam granted the parties' stipulation to allow Gbeintor to file an amended complaint by April 1, 2022.  Dkt. No. 29.  In doing so, Judge Gilliam further approved the parties' agreement that "any motion filed in response to the amended complaint" would be due from Defendants on May 13, 2022.  *Id.* at 1.

Plaintiff Gbeintor filed an amended complaint on April 1, 2022, adding Plaintiffs Wilton Alderman and Dru Dominici, as well as new claims under Ohio's right of publicity statute and under Ohio's common law tort of appropriation of a name or likeness.  Dkt. No. 30 ¶¶ 49–84 (new plaintiffs), ¶¶ 112–123 (new claims under Ohio law asserted solely by Plaintiff Dominici).

**C.     Defendants filed their responses to the amended complaint on May 13, 2022, including a motion to dismiss, an anti-SLAPP motion, and a motion to stay.**

On May 13, 2022, Defendants filed a motion to dismiss or, in the alternative, to strike Plaintiffs' amended complaint under California's anti-SLAPP statute.  Dkt. No. 31.  Defendants simultaneously moved to stay this case pending resolution of the Ninth Circuit appeal in *Martinez v. ZoomInfo Technologies, Inc.*, because that appeal raises overlapping, dispositive legal issues in

a similar factual context. Dkt. No. 32. Plaintiffs filed oppositions to these motions on June 10, 2022, and did not contend Defendants' anti-SLAPP motion was untimely. Dkt. Nos. 38 & 39. Indeed, to the contrary, Plaintiffs agreed that all discovery in this matter was stayed pursuant to the anti-SLAPP statute. Dkt. No. 39 at 2 ("Plaintiffs agree that . . . discovery is [] automatically stayed under California's anti-SLAPP statute while the motion to strike is pending."). Defendants filed replies in support of both their motions on July 8, 2022. Dkt. Nos. 42 & 43.

On August 29, 2022, this case was reassigned from Judge Gilliam to this Court. Dkt. No. 46. Defendants re-noticed the hearing dates on their motions as required by the reassignment order, Dkt. Nos. 47 & 48, and the Court reset those hearings for December 6, 2022, Dkt. No. 49.

### D. The Court granted Defendants' motion to stay, but denied their anti-SLAPP motion as untimely under California Code of Civil Procedure §425.16(f).

On December 5, 2022, this Court granted Defendants' motion to stay this case pending resolution of the Ninth Circuit appeal in *Martinez v. ZoomInfo*. Stay Order at 1 ("Plaintiffs' action is STAYED pending resolution of the *Martinez* appeal."). In its Stay Order, the Court also wrote that "Defendants anti-slapp motion was filed on May 13, 2022, more than 60 days after the date of service in January 2022 and is, therefore, untimely." *Id.* (citing Cal. Civ. Proc. Code § 425.16(f)). But the Stay Order did not expressly deny Defendants' anti-SLAPP motion. *See id.*

### E. Defendants moved for leave to file a reconsideration motion and appealed to the Ninth Circuit, and this Court granted leave to seek reconsideration.

Defendants moved for leave to file a reconsideration motion as to the Court's finding that their anti-SLAPP motion was untimely. Dkt. No. 60. To preserve their rights pending any ruling on that motion, Defendants filed an appeal with the Ninth Circuit regarding the order denying as untimely their anti-SLAPP motion. Dkt. No. 61; *see also* Dkt. No. 62 (appeal docketed).

The Court granted Defendants' motion for leave to seek reconsideration on January 5, 2023, and ordered that any such motion be filed by January 26, 2023. Order (Jan. 5, 2023). In accordance with that order, Defendants now move for reconsideration of the Court's finding that their anti-SLAPP motion was untimely under California Code of Civil Procedure § 425.16(f).

## III. LEGAL STANDARD

A party seeking reconsideration must show a material change in the facts or the law, or a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b). That said, a district court may reconsider its orders without reference to the local rules. *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-CV-02965, 2016 WL 6610344, at *3 (N.D. Cal. Nov. 9, 2016) (granting motion for leave to file reconsideration motion despite the fact that the "motion may technically violate Civil Local Rule 7-9(c), because "[r]econsideration relief is discretionary").

## IV. ARGUMENT

Defendants respectfully request that the Court reconsider its finding that their anti-SLAPP motion to strike Plaintiffs' amended complaint was untimely under California Code of Civil Procedure § 425.16(f). *See* Stay Order at 1. There are three reasons reconsideration is proper.

### A. The 60-day statutory deadline to file an anti-SLAPP motion to strike under California Code of Civil Procedure § 425.16(f) does not apply in federal court.

The 60-day statutory deadline to file an anti-SLAPP motion does not apply in federal court. In *Sarver v. Chartier*, the Ninth Circuit considered whether an anti-SLAPP motion filed "almost one year after [the plaintiff] filed his complaint" was "timely." 813 F.3d at 900. The court found that "the timing controls imposed by section 425.16(f) directly collide with the more permissive timeline" set out for such a filing under the Federal Rules of Civil Procedure. *Id.* For that reason, the Ninth Circuit "therefore decline[d] to apply the [anti-SLAPP] statute's 60-day time frame in federal court, and we refer instead to our own rules of procedure." *Id.* The court thus held that, "[u]nder those rules, the defendants' anti-SLAPP motions were timely filed." *Id.*

Since *Sarver* was decided, district courts in the Ninth Circuit have routinely enforced its holding. *See, e.g.*, *Peterson*, 2022 WL 2869531, at *10 ("The Ninth Circuit has held that this requirement does not apply in federal court and, instead, the timelines for bringing motions under the Federal Rules of Civil Procedure govern."); *Wonderful Real Est. Dev. LLC v. Laborers Int'l Union of N. Am. Loc. 220*, No. 1:19-CV-00416LJOSKO, 2020 WL 91998, at *11 (E.D. Cal. Jan. 8, 2020) ("The Ninth Circuit has specifically held that the 60-day time frame in section 425.16(f)

does not apply in federal court."); *Zendano v. BASTA, Inc.*, No. 2:18-CV-05154-RGK-SS, 2019 WL 7997240, at *3 (C.D. Cal. Feb. 12, 2019), *aff'd*, 804 F. App'x 803 (9th Cir. 2020) ("In light of *Sarver*, Defendants' motion to strike under the anti-SLAPP statute is not untimely in federal court."); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1023 (N.D. Cal. 2018) ("An anti-SLAPP motion brought in federal court is not subject to the time limitations in the California statute."); *Sparling v. Bank of Am., Nat'l Ass'n*, No. 217CV08370ABPLAX, 2018 WL 5099728, at *2 (C.D. Cal. Mar. 29, 2018) ("[T]hat deadline does not apply in federal court."); *Puccio v. Love*, No. 16-CV-2890 W (BGS), 2018 WL 1449399, at *5 (S.D. Cal. Feb. 26, 2018) ("This section does not apply in federal court."); *Clark v. Hidden Valley Lake Ass'n*, No. 16-CV-02009-SI, 2017 WL 4922375, at *3–4 (N.D. Cal. Oct. 31, 2017) ("The Ninth Circuit has held that the filing deadline in California's anti-SLAPP law does not apply in federal court . . . .").

Accordingly, Defendants' anti-SLAPP motion cannot be untimely under § 425.16(f). The Court should thus reconsider its finding in the Stay Order that Defendants' anti-SLAPP motion was untimely under § 425.16(f).

**B.     Even if California's statutory deadline did apply, Judge Gilliam properly authorized Defendants to later file their anti-SLAPP motion to strike.**

Further, even if California's statutory deadline did apply in federal court, Judge Gilliam properly authorized Defendants to file their anti-SLAPP motion to strike after that default deadline. As noted above, on January 24, 2022, Judge Gilliam extended Defendants' time to "answer or otherwise respond" to the complaint to March 4, 2022. Dkt. No. 23. Then, on March 2, 2022—less than 60 days after Defendants were served with the original complaint—Judge Gilliam granted the parties' stipulation to allow Plaintiff Gbeintor to file an amended complaint by April 1, 2022. Dkt. No. 29. In doing so, Judge Gilliam also approved the parties' agreement that "any motion filed in response to the amended complaint" would be due from Defendants on May 13, 2022. *Id.* at 1. Defendants filed their motion to dismiss or, in the alternative, anti-SLAPP motion to strike the amended complaint on May 13, 2022, in accordance with Judge Gilliam's order. Dkt. No. 31. Plaintiffs did not object to the anti-SLAPP motion's timeliness.

California Code of Civil Procedure § 425.16(f) provides that the deadline to file an anti-

SLAPP motion can be extended beyond the default deadline of 60 days from service of process "in the court's discretion, at any later time upon terms it deems proper." Cal. Civ. Proc. Code § 425.16(f). Here, Judge Gilliam authorized Defendants to "answer or otherwise respond" to the original complaint until March 4, 2022. Dkt. No. 23. Before that date (and before Defendants filed their response), Plaintiff Gbeintor and Defendants stipulated to permit Gbeintor to file an amended complaint by April 1, 2022, to which Defendants could file "any motion in response" by May 13, 2022. Dkt. No. 29. Judge Gilliam granted the parties' stipulation on those terms. *Id.*

Accordingly, even if the 60-day statutory deadline to file an anti-SLAPP motion to strike applied in federal court, Judge Gilliam permissibly extended Defendants' deadline to file their anti-SLAPP motion until May 13, 2022, a deadline with which they complied. *See* Dkt. No. 31.

A court in the Southern District of California recently confirmed that such an extension was proper in *Ryan v. County of Imperial*, No. 21CV1076-JO-KSC, 2022 WL 4819143, at *3 (S.D. Cal. Sept. 29, 2022). In *Ryan*, the plaintiff contended that the defendant's anti-SLAPP motion to strike was untimely because it was filed more than 60 days after the date of service of the complaint. *Id.* The district court rejected the plaintiff's argument for two reasons. First, the court found that the 60-day statutory deadline to file an anti-SLAPP motion does not apply in federal court (as discussed above). *Id.* And second, in any case, the court had granted the parties' stipulated motion to extend the filing deadline beyond the default 60-day deadline. *Id.* The court explained that such an extension beyond the default statutory deadline was expressly permitted by California Code of Civil Procedure § 425.16(f), because it permits that "[t]he special motion may be filed . . . in the court's discretion, at any later time upon terms it deems proper." *Id.* Thus, here, because Judge Gilliam properly extended Defendants' deadline to file their anti-SLAPP motion to strike the amended complaint until May 13, 2022, and Defendants complied with that deadline, Defendants' anti-SLAPP motion to strike cannot have been untimely under § 425.16(f).

Accordingly, even if the default statutory deadline to file an anti-SLAPP motion applied in federal court, the Court should reconsider its finding in the Stay Order that Defendants' anti-SLAPP motion was untimely under § 425.16(f), because Judge Gilliam authorized an extension.

**C.    Even without Judge Gilliam's permission, Defendants' anti-SLAPP motion was still timely as to the new Plaintiffs and claims in the amended complaint.**

Finally, even if the default deadline in California Code of Civil Procedure § 425.16(f) applied in federal court, and even if Judge Gilliam had not authorized Defendants to file their anti-SLAPP motion to strike when they did, Defendants' anti-SLAPP motion would still be timely as to the new claims asserted in the amended complaint. In *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, the California Supreme Court explained that an anti-SLAPP motion to strike an amended complaint (filed in California state court) remains timely, even if it is filed outside the 60-day default deadline without authorization, with respect to all new claims asserted in the amended complaint. 4 Cal. 5th at 643 (citing *Lam v. Ngo*, 91 Cal. App. 4th 832, 840–41 (2001)). Accordingly, because the amended complaint added two new Plaintiffs, Defendants' anti-SLAPP motion was timely at least as to the claims asserted by those Plaintiffs.

**V.    CONCLUSION**

For the foregoing reasons, the Court should grant this motion for reconsideration on the terms set forth in the proposed order filed concurrently herewith and strike the finding in its Stay Order that Defendants' anti-SLAPP motion to strike was untimely under California Code of Civil Procedure § 425.16(f).

Dated: January 24, 2023                                                             KEKER, VAN NEST & PETERS LLP

                                                                                                   By:   /s/ Ian Kanig
                                                                                                          R. ADAM LAURIDSEN
                                                                                                          JULIA L. ALLEN
                                                                                                          IAN KANIG
                                                                                                          CODY GRAY

                                                                                                          Attorneys for Defendants
                                                                                                          DEMANDBASE, INC., and
                                                                                                          INSIDEVIEW TECHNOLOGIES, INC.