1  Michael F. Ram (SBN 104805)
   mram@forthepeople.com
2  Marie N. Appel (SBN 187483)
3  mappel@forthepeople.com
   MORGAN & MORGAN
4  COMPLEX LITIGATION GROUP
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102
   Telephone: (415) 358-6913
6  Facsimile: (415) 358-6293

7  *Attorneys for Plaintiffs and the Proposed Class*
8  *[Additional Counsel Listed on Signature Page]*

9

10                    THE UNITED STATES DISTRICT COURT

11                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

13

| | |
|---|---|
| AMOS GBEINTOR, WILTON ALDERMAN, and DRU DOMINICI, on behalf of themselves and all others similarly situated, | Case No. 3:21-cv-09470-TLT |
| | Judge Trina L. Thompson |
| Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL BRIEF DISCUSSING THE NINTH CIRCUIT'S DECISION IN *MARTINEZ V. ZOOMINFO* AND REQUESTING LIFT OF STAY** |
| v. | |
| DEMANDBASE, INC. and INSIDEVIEW TECHNOLOGIES, INC., | |
| Defendants. | Complaint Filed: December 8, 2021 |

## SUMMARY

*Martinez v. ZoomInfo Technologies, Inc.* conclusively resolved two of the legal issues pending before this Court in favor of Plaintiffs. **First**, Plaintiffs' suit is exempt from California's anti-SLAPP statute because it is "brought solely in the public interest and therefore is exempt" under § 425.17(b)-(c). 82 F.4th 785, 2023 U.S. App. LEXIS 25030, *12 (9th Cir. Sept. 21, 2023). Therefore, Defendants' pending anti-SLAPP motion (Dkt. 31) should be denied. **Second**, Plaintiffs' allegations establish Article III standing. *Martinez*, 2023 U.S. App. LEXIS 25030, *10. Therefore, Defendants' pending Rule 12(b)(6) motion to dismiss for lack of standing should also be denied. The allegations and claims in *Martinez* are functionally identical to those in this case. Indeed, as Defendants argued in their motion to stay (Dkt. 32), the similarity between the two actions justified this Court's grant of a stay pending *Martinez*. Now that *Martinez* has been decided in the plaintiff's favor, the stay here should be lifted, Plaintiffs should be permitted to resume discovery, and the Court should deny Defendants' anti-SLAPP motion and Rule 12(b)(6) motion.[1] Plaintiffs respectfully request the Court issue corresponding Orders.

## PROCEDURAL HISTORY

On April 21, 2021, Plaintiff Amos Gbeintor filed the initial Complaint in this action, asserting on behalf of a class of Californians that the Defendants violate California law by using his and other Class members' names, personas, and likenesses to advertise website subscriptions without their consent. Dkt. 1. On April 1, 2022, Plaintiffs Gbeintor, Alderman, and Dominci filed a First Amended Complaint ("FAC"), adding similar claims under the laws of Ohio on behalf of a class of Ohio residents. Dkt. 30. On May 13, 2022, Defendants moved to strike the FAC under California's anti-SLAPP statute. Dkt. 31. Defendants also moved to dismiss the FAC under Rule 12(b)(6). *Id.* On the same day, Defendants moved to stay the action pending resolution of the appeal in *Martinez v. ZoomInfo*, a parallel case involving identical right-of-publicity claims against a direct competitor of Defendants that advertises in the same manner. Dkt. 32. Defendants

---

[1] As explained below, *Martinez* conclusively resolved the issue of Article III standing in Plaintiffs' favor. The Ninth Circuit did not have occasion to address the other arguments in Defendants' Rule 12(b)(6) motion. *See* Dkt. 31. For the reasons stated in Plaintiffs' Opposition (Dkt. 38), those arguments fail to merit dismissal of Plaintiffs' claims.

1  represented to this Court that *Martinez* "concerns the Article III standing, First Amendment, and
2  anti-SLAPP issues that are now before the Court, in a similar factual context." *Id.*, at *1. The
3  Defendants acknowledged that "there is no real question that the Ninth Circuit's decision in
4  *Martinez* will simplify the issues presented by Defendants' motion to dismiss and anti-SLAPP
5  motion to strike." *Id.*, at *5. On December 5, 2022, this Court granted Defendants' motion to stay
6  pending resolution of the *Martinez* appeal. Dkt. 59.

7        On September 21, 2023, the Ninth Circuit ruled in favor of the plaintiff in *Martinez*,
8  affirming both the district court's denial of the defendant's anti-SLAPP motion, and the district
9  court's finding that the plaintiff had alleged Article III standing. On September 29, 2023, the
10 parties filed a Joint Notice of Ruling informing the Court of the Ninth Circuit's ruling and
11 requesting supplemental briefing "addressing what effect *Martinez* has on these proceedings" to
12 be filed "on or before November 3, 2023." Dkt. 72. Plaintiffs now submit this brief.

13 **ARGUMENT**

14   **A. Under *Martinez*, Plaintiffs' Suit is Exempt from California's Anti-SLAPP Statute.**

15       Pursuant to the Ninth Circuit's opinion in *Martinez*, Plaintiffs' suit is exempt from
16 California's anti-SLAPP statute under Cal. Civ. Proc. Code § 425.17(b)-(c) because it is "brought
17 solely in the public interest or on behalf of the general public." *Martinez*, at *12-13. Defendants'
18 anti-SLAPP motion should therefore be denied.

19       Evaluating a parallel statutory right of publicity case against a website with the same
20 advertising practices as Defendants, the Ninth Circuit concluded that the three conditions outlined
21 in section 425.17(b) were satisfied. First, the plaintiff "does not seek relief that is greater than or
22 different from the relief sought on behalf of the alleged class." *Martinez*, 82 F.4th at *16. In
23 *Martinez*, the plaintiff sought the same statutory damages and injunctive relief on behalf of the
24 absent class members that she did for herself. *See id.* ("Nothing in Martinez's complaint suggests
25 that, if her action is successful, her recovery will be greater than the recovery of other members
26 of the class."). So too here. Plaintiffs seek the same statutory damages and injunctive relief for
27 themselves that they seek on behalf of the proposed classes. FAC ¶¶20-21, 124.
28

Second, the plaintiff's action, "if successful, would enforce an important right affecting the public interest and would confer a significant benefit on the general public." *Martinez*, 82 F.4th at *17 (quoting § 425.17(b)(2)). Speaking to the important interests protected by California's right of publicity statute and related misappropriation tort, the Ninth Circuit wrote:

> California has long declared a policy of protecting artists' and other individuals' right to control the use of their persona . . . [T]he right to privacy supported a tort action for using the plaintiff's name and biography without her permission . . . California has continued to firmly declare its public policy commitment to protecting its citizens' property and privacy rights . . . These decisions underscore the breadth of the privacy protection, permitting actions not just by celebrities and well-known corporations, but also by private citizens with no public reputation . . . This longstanding protection demonstrates that California considers the right to control one's name and likeness to be an important right affecting the public interest . . . California's common-law and statutory recognition of this right suggests that if Martinez prevails, she will confer a significant benefit on thousands of Californians.

*Id*., at *17-19. Here, Plaintiffs seek to vindicate the same "citizens' property and privacy rights" at issue in *Martinez*. *See, e.g.*, FAC ¶15. Plaintiffs' California claims arise from the same California laws and parallel facts: a website's use of profiles about individuals to sell subscriptions to B2B marketers. *See* Part B *below* (detailing the similarities).

Third, the plaintiff "also satisfies the third criterion of the public-interest exemption because private enforcement is both necessary and disproportionately burdensome." *Martinez*, 82 F.4th at *19 (citing Cal. Civ. Proc. Code § 425.17(b)(3)). The Ninth Circuit wrote:

> As a non-celebrity who may struggle to demonstrate the economic value of her name or likeness, Martinez may well recover only the minimum statutory damages. At $750 per person, these damages would not even cover the cost of litigating this action. *See* Cal. Civ. Code § 3344(a). But, if her class action is successful, Martinez's personal recovery would be dwarfed by the total recovery for the putative class, which she alleges may number in the millions.

*Id*., at *19-20. Again, the analysis is identical in this case. Plaintiffs are non-celebrities who seek to recover minimum statutory damages, which "would not even cover the cost of litigating." *See id.* Accordingly, private enforcement is both "necessary and disproportionately burdensome." *See*

*id.* Thus, *Martinez* compels the conclusion that Plaintiffs' suit here – identical in all relevant respects – is also exempt from California's anti-SLAPP statute as a suit in the public interest.

      Defendants may argue that this Court should ignore the Ninth Circuit's ruling in *Martinez* because Plaintiffs did not argue the applicability of the § 425.17 public interest exemption in their opposition. Waiver does not apply where, as here, the relevant controlling authority – *i.e.*, the Ninth Circuit's decision in *Martinez* – had not been decided when the opposition was filed. The Supreme Court and Ninth Circuit have long recognized the "exception to the waiver rule . . . for intervening changes in the law." *Ball v. Rodgers,* 492 F.3d 1094, 1102 (9th Cir. 2007); *see also Curtis Publishing Co. v. Butts*, 388 U.S. 130, 142-43 (1967) ("the mere failure to interpose . . . a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground."). Here, Plaintiffs could not reasonably have been expected to argue that the section 425.17 exemption applies when they filed their opposition in July 2022, because *Martinez* had not yet become the law in this Circuit. Now that *Martinez* is decided, Plaintiffs are asserting the exemption, consistent with the new state of the law. *See Big Horn County Elec. Coop. v. Adams*, 219 F.3d 944, 953-54 (9th Cir. 2000) ("Because *Strate* is an intervening change in the law and [the plaintiff] altered its stance in the litigation once *Strate* was decided, the defendants' waiver argument fails."). Defendants will suffer no prejudice from this Court's following *Martinez* in ruling that Plaintiffs' suit is exempt from California's anti-SLAPP statute. *See U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (waiver does not operate if there is no prejudice). This Court has already requested – and the parties are hereby providing – supplemental briefing regarding *Martinez*. This avoids any potential prejudice. *See Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 543 (9th Cir. 2013) ("any potential prejudice . . . is cured by the fact that both parties were able to address the . . . issue . . . in their supplemental briefs"); *Syed v. Barr*, 969 F.3d 1012, 1017 n.2 (9th Cir. 2020) (no waiver when argument depended on intervening authority and "both parties adequately addressed [the] issue in post-briefing filings."). Defendants will suffer no prejudice because this Court stayed this litigation pending *Martinez* at

the Defendants' request. Defendants were aware of all the arguments at issue in *Martinez*, including the plaintiff's argument that the "public interest" exemption applies.

Even had Plaintiffs waived the exemption argument, this Court is still bound by the law of this Circuit and must apply *Martinez* of its own accord. *See, e.g.*, *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1390 (S.D. Cal. 2014) ("[E]ven if a party waives an argument, this Court is bound to apply the law as it stands now. To do so otherwise may risk inconsistent rulings among district courts"). Indeed, the *Martinez* Court applied the exemption even though the district court had not addressed the argument below. The Court observed that under the "express language of the statute," the anti-SLAPP statute simply "does not apply to any action" brought in the public interest, and therefore any such action "cannot be struck as a SLAPP." *Martinez*, 82 F.4th at *12 (citing Cal. Civ. Proc. Code § 425.17). Under *Martinez*, this Court should not apply the anti-SLAPP statute here, because this case falls outside the statute's scope.

In short, under *Martinez*, this suit is exempt from the anti-SLAPP statute. Defendants' pending anti-SLAPP motion therefore should be denied.[2]

**B. Under *Martinez*, Plaintiffs' Allegations Establish Article III Standing.**

Evaluating parallel California right of publicity claims against a defendant that, like Defendants here, uses profiles of personal information to advertise subscriptions, the Ninth Circuit affirmed the district court's ruling that the plaintiff's allegations established Article III standing. *See id.*, at *10 ("Martinez has plausibly pleaded that she suffered sufficient injury to establish standing."). Because Plaintiffs' allegations here are functionally equivalent to those in *Martinez*, the Ninth's Circuit's decision compels the conclusion that standing exists here too.

In their motion to stay this case pending a decision in *Martinez*, Defendants represented to this Court that *Martinez* "concerns the Article III standing . . . and anti-SLAPP issues that are now before the Court, in a similar factual context." Dkt. 32, at *1. The Defendants further

---

[2] Because the public interest exemption applies, interlocutory appeal will not be available. *See Martinez*, 82 F.4th at *9-10 ("[I]f a district court denies an anti-SLAPP motion based on one of the statutory exemptions, that denial may not be appealed.") (citations omitted).

acknowledged that "there is no real question that the Ninth Circuit's decision in *Martinez* will simplify the issues presented by Defendants' motion to dismiss and anti-SLAPP motion to strike." *Id.*, at *5. Indeed, Plaintiffs' allegations here are identical in all relevant respects to those in *Martinez*.

The alleged harms and asserted legal claims are the same. *Compare* FAC ¶¶2, 17-20 (alleging both mental and economic injury, and asserting claims under Cal. Civ. Code § 3344, California common law prohibiting misappropriation of a name or likeness, and California's UCL); *with Martinez v. ZoomInfo Techs. Inc.,* 2022 WL 1078630, at *1 (W.D. Wash. Apr. 11, 2022) (describing identical allegations). Likewise, the advertising practices giving rise to the claims are the same. *Compare* FAC ¶¶31-43 (alleging InsideView advertises subscriptions to its InsideView Pro subscription service by "publicly display[ing] a profile of personal information about [Plaintiff], and by "advertis[ing] that users who purchase[ a] subscription would receive additional information about [Plaintiff]"); with *Martinez*, 2022 WL 1078630, at *1 ("when a user searches for an individual . . . [defendant] displays 'teaser profiles' showing some information about the individual and offering 'full access' in exchange for a fee-based subscription.").[3] Therefore, because the Ninth Circuit has ruled that the allegations in *Martinez* satisfy Article III standing, Plaintiffs' allegations satisfy Article III standing as well.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court: (1) lift the stay; (2) follow *Martinez* in denying Defendants' anti-SLAPP motion on the ground the exemption for suits in the public interest applies; (3) follow *Martinez* in denying Defendants' Rule 12(b)(6)

---

[3] Although Defendants withhold some information about Plaintiffs to "tease" subscriptions, withholding information is not an element of a right of publicity claim. A claim exists if the defendant uses the plaintiff's persona "in any manner . . . for the purposes of advertising or selling . . . goods or services, without such person's prior consent." Cal. Civ. Code § 3344. There is no requirement that the defendant withhold some information, and no authority to support the invention of such a requirement. *See, e.g., Fraley v. Facebook, Inc.*, 930 F. Supp. 785, 806 (N.D. Cal. 2011) (no information withheld); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190 (N.D. Cal. 2014) (same); *James v. Bob Ross Buick, Inc.*, 167 Ohio App. 3d 338, 345 (Ohio Ct. App. 2006) (same); *Downing v. Abercrombie Fitch*, 265 F.3d 994 (9th Cir. 2001) (same); *Sessa v. Ancestry.com*, 561 F. Supp. 3d 1008, 1020-23 (D. Nev. 2021) (same).

motion to dismiss for lack of standing; and (4) deny the remainder of Defendants' Rule 12(b)(6) motion to dismiss for the reasons articulated in Plaintiffs' Opposition (Dkt. 38).[4]

Dated: November 3, 2023         By: */s/ Raina C. Borrelli*
                                        Raina C. Borrelli (*pro hac vice*)
                                        raina@turkestrauss.com
                                        Samuel J. Strauss (*pro hac vice*)
                                        sam@turkestrauss.com
                                        TURKE & STRAUSS LLP
                                        613 Williamson St., Suite 201
                                        Madison, Wisconsin 53703-3515
                                        Telephone: (608) 237-1775
                                        Facsimile: (608) 509-4423

                                        Michael F. Ram
                                        mram@forthepeople.com
                                        MORGAN & MORGAN
                                        COMPLEX LITIGATION GROUP
                                        711 Van Ness Avenue, Suite 500
                                        San Francisco, CA 94102
                                        Telephone: (415) 358-6913
                                        Facsimile: (415) 358-6293

                                        Benjamin R. Osborn, (*pro hac vice*)
                                        LAW OFFICE OF BENJAMIN R. OSBORN
                                        ben@osbornlaw.com
                                        102 Bergen St.
                                        Brooklyn, NY 11201
                                        Telephone: (347) 645-0464

                                      *Attorneys for Plaintiffs and the Proposed Classes*

---

[4] Since Plaintiffs filed their Opposition, four additional district courts have joined the growing national consensus in denying Rule 12(b)(6) motions to dismiss parallel right of publicity actions. Plaintiffs submitted these decisions as supplemental authority (Dkts. 45, 53, 57, 66).

# CERTIFICATE OF SERVICE

I, Benjamin R. Osborn, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 3rd day of November, 2023.

                LAW OFFICE OF BENJAMIN R. OSBORN

                By: */s/ Benjamin R. Osborn*
                      Benjamin R. Osborn (*pro hac vice*)
                      LAW OFFICE OF BENJAMIN R. OSBORN
                      ben@osbornlaw.com
                      102 Bergen St.
                      Brooklyn, NY 11201
                      Telephone: (347) 645-0464